**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, Plaintiff, | ) ) ) | Case No. 1:19-cv-7739 |
| v. | ) ) ) | |
| SALMAN HUSSAIN, USHEALTH ADVISORS, LLC and DOES 1-10, Defendant. | ) ) ) | Hon. Judge John J. Tharp, Jr. Hon. Mag. Judge Susan E. Cox |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

This case seeks damages and injunctive relief for large-scale, unsolicited telemarketing in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff has already obtained nearly 17 million records of calls defendant Salman Hussain made through a call vendor, advertising USHealth's products and services.

Plaintiff propounded discovery requests on Hussain aimed at obtaining information and materials concerning the telemarketing at issue, relevant third parties, and communications and other documents demonstrating his business' applicable policies, practices, and procedures.

Hussain has refused to provide even the most basic information about the telemarketing. Plaintiff respectfully asks that the Court enter an order compelling Hussain to provide full responses to her discovery requests,[1] as further detailed below.

## I. BACKGROUND

The TCPA, 47 U.S.C. § 227, was enacted in response to widespread public outrage over the proliferation of intrusive, nuisance calling practices. *Mims v. Arrow Fin. Servs., LLC*, 132 S.

---

[1] Plaintiff's discovery requests are attached as Exhibit A. Defendant's interrogatory responses are attached as Exhibit B, and his production request responses are attached as Exhibit C. An excerpt of data produced by Hussain is attached as Exhibit D. Applicable confer correspondence is attached as Exhibit E.

Ct. 740, 745 (2012). Indeed, "[m]onth after month, unwanted robocalls and texts …top the list of consumer complaints received by the [FCC]." *In re TCPA*, 30 FCC Rcd. 7961, ¶ 72 (2015). To that end, the statute broadly bans making any non-emergency call using an automatic telephone dialing system ("ATDS" or "autodialer") or an artificial or prerecorded voice to a cell phone number without "prior express consent." 47 U.S.C. § 227(b)(1)(A)(iii).

Defendant Salman Hussain is a principal of an unregistered business operating as "Health Coverage One," which used third-party dialer company MSB Consultants, Inc. ("MSB") to send Plaintiff and other consumers over 16.8 million telemarketing prerecorded robocalls to try to sell insurance-related products and services. After Plaintiff filed suit on November 22, 2019, Hussain defaulted. Plaintiff subsequently moved for leave to pursue discovery, which Judge Tharp granted on February 27, 2020. Dkt. 10. Hussain ultimately elected not to respond to Plaintiff's discovery requests, either.

After Plaintiff filed her first motion to compel discovery on July 14, 2020, Dkt. 18, Hussain finally decided to participate in this action, ultimately producing his discovery responses on August 25, 2020. Exhibits B-C. These responses, though, are deficient because they largely refuse to provide responsive information: To date, Hussain has provided only certain lead transfer data and his one-page service agreement with MSB. Plaintiff's counsel's efforts to obtain a more complete production have been unsuccessful. A primary reason for the lack of success? Hussain claims he does not have to produce documents for his company, "Health Coverage One," which is an unregistered DBA. *See* Exhibit E. Plaintiff respectfully asks that the Court compel this long-awaited discovery.

## II. LEGAL STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The scope of discovery is broad—parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As such, "[t]he Federal Rules of Civil Procedure ... strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

## III. ARGUMENT

Plaintiff's discovery requests seek information concerning Hussain's telemarketing. To the extent Hussain has provided responsive information or materials, his written responses indicate that he does so only "subject to" objections, preventing Plaintiff from understanding whether additional responsive information or materials exist and are being withheld, and on what basis—in direct conflict with the Federal Rules.[2] *See Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) ("[S]uch practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered.").

The discovery Plaintiff seeks is relevant to the parties' claims and defenses, and Plaintiff's motion should be granted.

---

[2] *See* Fed. R. Civ. P. 33(b)(3)-(4) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.... The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."); *e.g.*,

### A. Hussain should produce his business' lead data.

Plaintiff issued Interrogatory No. 2 and Request for Production No. 3 to obtain information concerning what products and services Hussain sold, during what calls (i.e. "lead" information):

> **Interrogatory No. 2.** Identify all leads that resulted from the calls responsive to Interrogatory No. 1 [i.e., seeking identification of the calls to the class], including not only the leads themselves, but for whom the lead generation was made, and to whom the leads were ultimately transferred or sold.
>
> **Request for Production No. 3.** Please produce all data and documents regarding the leads responsive to Interrogatory No. 2, including but not limited to the leads themselves, compensation and transaction records, and documents regarding the source of the lead, for whom the lead generation was made, and to whom the leads were ultimately transferred or sold.

Hussain's lead generation process worked by having MSB robocall consumers who, upon following the call's automated prompt (i.e., "pressing 1" to speak with an agent), would then be live-transferred to Hussain's call center for person-to-person solicitation. Plaintiff has Hussain's MSB call data.

Hussain produced call records showing on which calls someone "pressed 1" during the prerecorded message and were transferred to his company, but he has not produced data showing on which calls sales were made, what was sold, or to whom it was sold. Such information is relevant to proving that USHealth – and possibly other sellers – ratified the calling by accepting its benefits. If there are other sellers for whom Hussin was telemarketing, understanding which calls went to USHealth and which calls went to those other entities, which are "Doe" defendants right now, also is important to allocation of payment of damages.

**B. Hussain should produce all materials pertaining to consent for the calling at issue, or otherwise affirmatively state that no consent existed.**

Plaintiff propounded Interrogatory No. 3 and Request for Production No. 15 to learn about whether any consent purportedly existed with respect to the calls at issue:

> **Interrogatory No. 3.** If you or Health Coverage One contends "prior express written consent" existed for any call responsive to Interrogatory No. 1 [i.e., seeking the identity of the calls to the class], identify the basis for that consent, supporting documents by Bates number, and all other data and testimony that supports or refutes such contention.
>
> **Request for Production No. 15.** Please produce all documents supporting, relating to or refuting any of your affirmative defenses in this action, including but not limited to "prior express consent."

The TCPA permits telemarketing robocalls where the caller had the prior express written consent of the called party. 47 C.F.R. § 64.1200(a)(2). Consent is therefore a defense to liability, and subject to discovery. Fed.R.Civ.P. 26(b)(1). Also, defendants often use the *possibility* that there *might have been consent* as an argument against class certification, which shouldn't "work," but sometimes does. *E.g., Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 510 (E.D. Wis. 2014). Either way, consent is relevant and discoverable and should be produced. *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *4 (N.D. Ill. June 13, 2011) (quoting Cox, J).

Plaintiff's investigation suggests that the calls at issue were made to phone numbers obtained from the White Pages, because consumer data files received through a subpoena from MSB have "white pages" in the filename, so it would seem that there is no consent for the calls. However, if Hussain believes something different, or that he had consent for the calls, he should say so and completely respond to these requests. *Donnelly v. NCO Fin. Sys., Inc.*, 2010 WL 308975, at *1 (N.D. Ill. Jan. 13, 2010) ("Unless [defendant] never intended to, and will not, assert a consent defense to the [TCPA] class claims … it should have marshaled the evidence in support of that defense long ago."); *Balbarin v. N. Star Cap. Acqn., LLC*, 2010 U.S. Dist. LEXIS

118992, at *3 (N.D. Ill. Nov. 9, 2010) (same).

Hussain's refusal to produce responsive information because he does not "presently" assert the affirmative defense of consent is not well taken. Though "[e]xpress consent is an affirmative defense on which the defendant bears the burden of proof[,]" *Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017), the fact that Hussain has yet to answer the Complaint does not somehow negate the relevance of the consent issue to this action. A TCPA violation does not occur if consent existed. 47 U.S.C. § 227(b)(1)(A)(iii). Thus, if consent exists, Plaintiff needs to know the circumstances of such and to which calls it applies, so that she can excise them from her case and the calls for which she will ultimately seek class certification. Plaintiff cannot establish that the calls at issue actually violated the TCPA and warrant class certification without this information.[3]

Likewise, Hussain's objection to responding to Interrogatory No. 3 with respect to his capacity as a principal of "Health Coverage One" is baseless: By his own admission, Hussain operated Health Coverage One under an unregistered, fake business name.[4] That Hussain now claims that Health Coverage One is really a stand-in for some other, *actually*-registered entity he and his family own does not negate the fact that (1) Defendant has produced nothing demonstrating corporate formality and usage to remotely suggest that any veil needs to be pierced,[5] and (2) Hussain controls that entity, too.[6] Under Florida law where Hussain is based,

---

[3] Respectfully, Plaintiff should not be subjected to further delay on discovery requests her counsel issued back in March 2020.

[4] *See* Exhibit B, Interrog. No. 6 (Hussain asserting that "Health Coverage One is an unregistered DBA (doing business as) for SSS Total Funding Group, Inc."); Exhibit E.

[5] In other words, Hussain's claim that "Health Coverage One is not a party to this proceeding" is moot because "Health Coverage One" does not exist.

[6] *See* http://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=domp-p14000067302-38161973-52b4-4848-b8b6-f3e7823cc7b8&transactionId=p14000067302-a059e715-

"[a] fictitious name has no independent legal existence[,]" *Worm World, Inc. v. Ironwood Prods., Inc.*, 917 So. 2d 274, 275 (Fla. Dist. Ct. App. 2005), and thus Hussain cannot hide behind a non-existent corporate formality to claim that he cannot produce responsive materials in his possession, custody, and control.[7] This is particularly the case here, where Defendant Hussain personally signed the contract with MSB for the illegal telemarketing at issue, *see* Dkt. 38-1, and where the Complaint directly alleges that he did so both individually and in his capacity as to his "Health Coverage One" business. Compl. ¶¶ 16-17. Hussain's suggestion that this discovery falls outside the allegations of the Complaint is thus demonstrably false.

If Hussain agrees that no consent existed for the calls at issue, then he should say so. If, however, he has written authorizations from the consumers who were called, then those are plainly relevant and should be produced. As such, these requests should be compelled.

### C. Hussain should produce applicable policy, practice, procedure, and lead generation materials.

Plaintiff issued Interrogatory Nos. 5-6 and Request for Production Nos. 6, 10, and 13 to obtain information and materials pertaining to the telemarketing and lead generation at issue:

> **Interrogatory No. 5.** Identify all persons who were responsible for or assisted in determining what phone numbers or leads to call, using what dialing/phone system, or who set up the relationships with your or Health Coverage One's customers.
>
> **Interrogatory No. 6.** Explain the ownership and business organizational structure of Health Coverage One, including identifying its true legal name and ownership, and all officers, owners, principals, managers and employees, including their respective positions and job duties.
>
> **Request for Production No. 6.** Produce all documents and communications

---

41bc-43e9-bd39-64cf1b2da2d6&formatType=PDF (Florida Secretary of State record for SSS Total Funding Group Inc., identifying Salman and family members Sohail and Samar Hussain as sole officers).

[7] *See also Id.* ("[T]he failure to comply with the registration requirements does not impair the validity of any contract entered into by the party conducting business under an unregistered fictitious name.").

> (including emails) regarding your or Health Coverage One's relationship with MSB.
>
> **<u>Request for Production No. 10</u>.** Please produce all policy, practice, and procedure or other documents (e.g., emails) that pertain to the development or implementation of telemarketing or lead generation campaigns or strategies, including but not limited to the campaign or strategy under which Plaintiff was called.
>
> **<u>Request for Production No. 13</u>.** Please produce all contracts, agreements, manuals, training materials, and policy, practice, and procedure documents relating to the use and capacity of MSB or any other dialing system or platform used to communicate by telephone with Plaintiff and any other person responsive to Interrogatory No. 1 [i.e., seeking identification of the calls to the class].

The nature and substance of the relationship between Hussain/Health Coverage One and his call broadcaster MSB and customers, and the development and implementation of the telemarketing-based lead generation scheme at issue, are germane to Plaintiff's understanding of how, why, and by and for whom the telemarketing lead generation at issue was made.

This information is plainly relevant to the parties' claims and defenses, and will assist Plaintiff in proving, for example, the commonality amongst call recipients based on Defendant's common practices applicable to class certification under Fed. R. Civ. P. 23(a)(2), and the use and capacity of the MSB dialer Hussain used to place the calls (including the extent to which it has the capacity to be an "automatic telephone dialing system" under the TCPA, 47 U.S.C. § 227(a)(1)), as well as identify relevant third parties like employees of Hussain or the customer-seller on whose behalf his calls were made, who are likely to have additional relevant information. Hussain's knowledge and participation in the calling at issue (and the knowledge and participation of his co-conspirators) is also relevant to establishing the appropriateness of enhanced statutory damages based on willfulness, *see* 47 U.S.C. § 227(b)(3)—and, as to Hussain's co-conspirators, the extent to which they might also be liable on a vicarious liability theory. These are highly relevant requests.

Hussain only objects to Interrogatory No. 5 and Request for Production No. 6 on the basis that he shouldn't have to produce anything for his business "Health Coverage One"—which, as discussed above in Section III.B, is meritless because it's an admittedly unregistered fake name and where, even if one were to accept Hussain's unsupported assertion that it's *really* a stand-in for another business, he owns that one, too. Likewise, Hussain doesn't object at all to Interrogatory No. 6's request for an explanation of Health Coverage One's business organizational structure: Instead, Hussain provides only a partial response that fails to identify employees and their respective job duties. Plaintiff's own investigation suggests that Health Coverage One is a tightly-controlled, family-run enterprise, and so where, as here, Hussain is largely disclaiming substantive knowledge about the lead generation and telemarketing at issue, there necessarily must be other, more relevant employees who should be identified. There is no justification for him to withhold such responsive information and materials.

Hussain fails to provide a responsive answer to Interrogatory No. 5's request that he identify the people involved in his telemarketing-based lead generation scheme, and instead defers to MSB.[8] Plaintiff agrees that MSB was involved, but that doesn't tell the whole story. Plaintiff requests that the Court direct that Hussain identify the rest of the players involved in the calls at issue.

Further, as to Request for Production No. 6 asking for communications concerning MSB, Hussain produced only call logs and no communications. These communications are relevant and discoverable, because the only relationship between Hussain and MSB relates to the calls at issue here. All such communications should therefore be directly related to the claims and

---

[8] Defense counsel has since informed Plaintiff that Hussain had an employee, since-deceased Mike Chakchakov, who primarily dealt with MSB. However, this ignores other individuals involved (including, for example, after Mr. Chakchakov passed away), and fails to identify what person(s) at Health Coverage One set up the relationships with its customers on whose behalf the calls were placed.

defenses in this case.

Similarly, it cannot be that Hussain/Health Coverage One has zero documents responsive to Request for Production No. 10, which asks for materials pertaining to the development of the lead generation at issue. At the very least, there's the contract he signed, right? Dkt. 38-1. That was emailed between himself and MSB for execution, right? What about the communications with Hussain's customer (i.e., the insurer on whose behalf he was making the call) about his lead generation or telemarketing efforts? It is simply not credible that Hussain has literally no documents about his own business' operation. Moreover, as Plaintiff's requests' instructions state, "[i]f any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document." Exhibit A at p. 2. Hussain failed to do so, and thus Plaintiff has no means of knowing if he just failed to perform a diligent search, or if responsive materials once existed and have since been destroyed, or what. A more complete response is needed.

Further, Plaintiff disagrees that there is anything "vague, ambiguous, and confusing" about Request for Production No. 13's request for training materials, manuals, and similar documents that detail the use and capacity of the systems Hussain used to communicate with Plaintiff and the class, such as MSB or the ViciBox platform Hussain identifies in response to Interrogatory No. 4. This information is relevant to understanding Hussain's policies with respect to the calling at issue, and to establishing that the calls were made with an "automatic telephone dialing system" as defined under the TCPA, 47 U.S.C. § 227(a)(1). Likewise, his "overbroad, unduly burdensome, and not proportional" objections are a red herring: Because policy documents and manuals apply to *all* of the telemarketing-based lead generation at issue,

there are necessarily only a finite set of responsive documents (it's not like he's going to have different policies for every single different call, like his objection suggests).

Further, Hussain cannot permissibly limit the scope of Plaintiff's request to "Blue Cross" because it is not drafted that way: Rather, it seems that Hussain was using a reference to Blue Cross in his calls, despite marketing for another company, which is the basis for Plaintiff's claims under 47 C.F.R. §64.1200(d)(4). Perhaps Hussain never had any written policies, practices or procedures, but he should produce them if he did and say so if he did not.

Defendant's objection to temporal scope is also wrong: Plaintiff has limited the scope of discovery in line with the TCPA's four-year statute of limitations, *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 561 (7th Cir. 2011), which applies to not only her claims, but to the calls to the class, as well. And finally, Hussain's objection that he doesn't have Plaintiff's number is irrelevant because (a) he *does* have Plaintiff's number (his counsel just drafted his response using the public, redacted version of the requests instead of the unredacted version his client was provided), and (b) Plaintiff's phone number is irrelevant to Hussain's ability to provide policy, practice, and procedure documents and training materials pertaining to his communications platforms.

Understanding Hussain's telemarketing and lead generation practices is necessary to these proceedings, and the Court should therefore compel these requests.

### D. Hussain should produce materials relating to Plaintiff.

Plaintiff propounded Request for Production No. 1 to obtain Hussain's materials pertaining to Plaintiff Bilek:

> **<u>Request for Production No. 1</u>.** Please produce all documents, records, data, recordings and other materials relating to Plaintiff or [Plaintiff's cell phone number], or which are indexed, filed, or retrievable under them or any associated number, symbol, designation or code (such as an account number or Social

Security number).

The materials Hussain/Health Coverage One has relating to Plaintiff are necessarily relevant to this action, which Defendant concedes by making no objection other than claiming that he cannot respond because he doesn't know Plaintiff's phone number.

Through meet-and-confer discussions, Plaintiff has learned that the reason Hussain failed to respond to requests for Plaintiff-specific information was because his attorney drafted his responses using the publicly-filed, *redacted* version of the requests Plaintiff previously submitted as an exhibit to her earlier motion to compel, Dkt. 18-1, rather than the *unredacted* version provided to his client back when the requests were first issued. Plaintiff's counsel have since ensured that Hussain's attorneys have Bilek's phone number. Yet, to date, no supplement has been received. This request should be compelled.

### E. Hussain should produce materials received from third parties relevant to this action, or which explain the data and other materials being produced.

Plaintiff issued Interrogatory No. 4 and Request for Production Nos. 16-17 to obtain explanatory materials that provide insight into the data and other information being produced in this action, as well as to cover any materials received from third parties or that Hussain relied on in responding to Plaintiff's discovery requests in this action:

> **Interrogatory No. 4**. Identify and describe any and all systems, databases, data, tables, fields, data points and codes that existed, were maintained, or are produced in this action that may contain information responsive to Interrogatory Nos. 1 and 2 [seeking identification of the leads/calls at issue], consent/permission to call telephone numbers, and do-not-call requests.
>
> **Request for Production No. 16**. Please produce all documents received from any third party in this action.
>
> **Request for Production No. 17**. Please produce all non-privileged documents or data relied on in drafting or referred to in your Fed. R. Civ. P. 26 disclosures, responses to any discovery requests in this action, or which form the basis of or

are referred to in any affidavit or declaration submitted in this case.

Plaintiff propounded Interrogatory No. 4 to understand the data produced in this action relevant to Hussain's calls and lead generation with respect to herself and the class. Only Hussain knows how his applicable data and business records are stored and organized – not to mention what it means[9] – and Plaintiff's request for basic information about Defendant's systems and data pertinent to this action is thus necessary to put the parties on an even playing field in ensuring a complete production and accurate interpretation of the materials produced.[10] *See* Fed. R. Civ. P. 34, Committee Notes on Rules – 2006 Amendment, *Subdivision (b)* (indicating that "the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the [requested] information"); *Paul v. Syndicated Office Sys., Inc.*, No. 12-61547, 2013 WL 11971288, at *2 (S.D. Fla. Feb. 28, 2013) (The Court finds that [defendant] … should also produce the automatic dialing manuals which may contain the codes which will assist the Plaintiff in deciphering the notes.").

There is nothing overbroad, unduly burdensome, or disproportional about Request for Production No. 4; Defendant should have ready access to the meaning of the codes for the system that he used. Likewise, there are necessarily only a finite number of codes, and because the point of using a code is to stand for something else, they are likely to apply universally

---

9 For example, the sample of the data Hussain produced attached as Exhibit D contains status values like "B" or "A", vendor_lead_code values like "9513360375", source_id values like "VDCL", and list_id values like "999"—***none*** of which are explained. These and other codes mean something, and Plaintiff needs to know that information in order to understand its significance.

10 Request for Production No. 9 sought similar materials: "Please produce any keys, data dictionaries, or other explanatory materials as to any document data that includes information concerning telemarketing, lead generation, or indicia of consent (or lack of consent), as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter produced in this action." However, Hussain's response simply states "none" for responsive documents, and so Plaintiff here moves to compel the interrogatory.

across Defendant's records, which further limits the extent of responsive information to be produced. For example, there are only four distinct vendor_lead_code values across *all* of Hussain's millions of rows of data: 2542378355, 3132513403, 5202107888, and 9513360375. It would not be burdensome for Hussain to explain what these, and any other codes, mean. Frankly, his counsel should do so as a matter of course, but has refused. Plaintiff thus rejects that there is anything burdensome about simply telling her what the codes and data mean and represent.

Further, Hussain's objection that Plaintiff can't obtain discovery about on whose behalf the calls Plaintiff sued about were made is baseless. Hussain doesn't deny that he made calls for someone else, and he doesn't state whether the calls were made for Blue Cross or another entity like USHealth, using the reference to commonly-known Blue Cross as a pretext to gain consumer interest with the intent of switching insurers late in the calls. Moreover, it is obvious from the allegations of Plaintiff's Complaint that Hussain is not the "seller" whose product was sold during the calls: From the context of the call Plaintiff received, Hussain was selling insurance for someone else (the recording specifically references Blue Cross), and Plaintiff specifically pleads Doe Defendants as stand-ins for "yet-unidentified persons or entities involved in facilitating the lead generation or calling at issue." Dkt. 38, FAC ¶ 11. A consumer like Plaintiff who receives an unsolicited phone call simply isn't going to know all the minutiae of the caller's lead generation scheme at the outset—but determining what happened and who was involved is necessarily relevant to the parties' claims and defenses, and therefore falls within the permissible scope of discovery.

Likewise, Request for Production No. 16's request for documents received from any third party in this action, and Request for Production No. 17's request for materials Hussain

relied on in drafting his discovery responses, should likewise be produced. Because they were relied on or were produced specifically in relation to this action, they are inherently relevant. Plaintiff asks that the Court compel Request for Production No. 16 because Hussain's claim that he "does not know of any third-party document he possesses" is made subject to a circular objection that he doesn't know what a third party is. The request clearly seeks materials from *any* third party (i.e., literally anyone other than Salman Hussain) with respect to this action—including, for example, his seller-customers or his family members with whom he operates Health Coverage One (like Sohail Hussain, who ignored the subpoena Plaintiff issued to him earlier in this case). Because the materials were produced with respect to this action, they are relevant and should be produced. Likewise, Request for Production No. 17 is not limited to only Rule 26 disclosures, and thus Hussain should provide a complete response as to his interrogatory and production request responses, as well.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: (1) compelling Hussain to produce full and complete responses to Plaintiff's Interrogatory Nos. 2-6 and Request for Production Nos. 1, 3, 6, 10, 13, and 15-17; (2) compelling Hussain to provide revised written discovery responses that properly conform with the Federal Rules' requirement that a respondent "state whether any responsive materials are being withheld on the basis of [an] objection" and "specify the part [to which the respondent objects] and permit inspection of the rest[,]" Fed. R. Civ. P. 34(b)(2)(C), *cf.* Fed. R. Civ. P. 33(b)(3)-(4); and (3) granting such other and further relief the Court deems reasonable and just.

Respectfully submitted,

MARY BILEK, individually and on behalf of others similarly situated,

Dated: October 31, 2020

By: */s/ Alexander H. Burke*

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis Street, Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

## FED. R. CIV. P. 37(A)(1)/L.R. 37.2 STATEMENT

The undersigned certifies that Plaintiff, through counsel, has in good faith conferred with Defendant in an effort to obtain the discovery requested herein without court action, but that such attempts were unsuccessful, including through meet-and-confer calls between myself and co-counsel Daniel J. Marovitch, and Hussain's counsel Jacob Resnick at approximately 3:00 p.m. CT on September 3, 2020, and through e-mail, *e.g.*, Exhibit E.

*/s/ Alexander H. Burke*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2020, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Alexander H. Burke*