**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) | Case No. 1:19-cv-07739 |
| Plaintiff, | ) | |
| v. | ) | |
| SALMAN HUSSAIN and DOES 1-10, | ) | Hon. Judge John J. Tharp, Jr. |
| | ) | Hon. Mag. Judge Susan E. Cox |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Mary Bilek hereby propounds the following interrogatories and production requests upon Defendant Salman Hussain, in his individual capacity and in his capacity with respect to Health Coverage One (hereinafter, "Defendant", "Hussain", or variations of "you"). Documents should be copied and sent to Plaintiff's counsel on the date the response is due.

**INSTRUCTIONS**

1. Unless otherwise specified in a particular paragraph, the time period covered by these requests is January 1, 2015, to present.

2. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4. All requests are also directed to all parent, related, affiliate, and subsidiary companies of Defendant, to the greatest extent permissible under the discovery rules. Moreover, Defendant is to make transparent, best efforts to obtain materials from third parties such as vendors, which are within its "possession, custody or control" as those terms appear in Fed. R. Civ. P. 34.

5. Please use the attached document production protocol for formatting document request responses. Class member and/or call data should be produced in delimited text format so that it may be reviewed and manipulated in a way that maintains the integrity of the data (e.g., tables and columns). Unless specifically requested, screenshots are not an acceptable form for production.

6. For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

7. These requests shall be deemed continuing so as to require seasonable supplemental responses as Defendant or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

8. Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

## INTERROGATORIES

1. Identify all telemarketing or lead generation calls (including call transfers) you or Health Coverage One made or caused to be made in relation to MSB Consultants, Inc. d/b/a ExclusiveLiveLeads.com (hereinafter, "MSB"), or using an artificial or prerecorded voice, since November 22, 2015.

A response to this interrogatory should include all available information concerning such calls, including but not limited to called and calling numbers, caller ID, length, date/time, disposition, associated lead information, message played, persons who participated, the product being telemarketed and for whom, and to whom the call was transferred, if applicable.

2. Identify all leads that resulted from the calls responsive to Interrogatory No. 1, including not only the leads themselves, but for whom the lead generation was made, and to whom the leads were ultimately transferred or sold.

3. If you or Health Coverage One contends "prior express written consent" existed for any call responsive to Interrogatory No. 1, identify the basis for that consent, supporting documents by Bates number, and all other data and testimony that supports or refutes such contention.

4. Identify and describe any and all systems, databases, data, tables, fields, data points and codes that existed, were maintained, or are produced in this action that may contain information responsive to Interrogatory Nos. 1 and 2, consent/permission to call telephone numbers, and do-not-call requests.

5. Identify all persons who were responsible for or assisted in determining what phone numbers or leads to call, using what dialing/phone system, or who set up the relationships with your or Health Coverage One's customers.

6. Explain the ownership and business organizational structure of Health Coverage One, including identifying its true legal name and ownership, and all officers, owners, principals, managers and employees, including their respective positions and job duties.

7. Identify all policies, practices, and procedures that bear upon “prior express consent” to call cell phone numbers.

8. Identify all policies, practices, and procedures relating to, or which apply to, outbound telephone calls or the TCPA.

9. Identify all complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation), concerning outbound telephone communications, and identify any investigation or action taken by you (or others on your behalf) with regard to such complaints.

10. Explain the factual basis behind each of your affirmative defenses, including citation to specific documents or testimony and case/law that support or refute such.

11. With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Please produce all documents, records, data, recordings and other materials relating to Plaintiff or Plaintiff's Number, or which are indexed, filed, or retrievable under them or

any associated number, symbol, designation or code (such as an account number or Social Security number).

2. Please produce all call detail information and associated data concerning Plaintiff and the persons and calls responsive to Interrogatory No. 1, including but not limited to the telephone number called, the communications system used, in what mode or capacity the call was made (e.g., manual, predictive, preview, etc.), the caller ID used, the call date, time, length, and disposition/result, the account number or other associated identifier(s), identifying name, address, and other information for the person called (and, if different, the person intended to be called), and data relating to consent or lack of consent to call, including any do-not-call request information.

3. Please produce all data and documents regarding the leads responsive to Interrogatory No. 2, including but not limited to the leads themselves, compensation and transaction records, and documents regarding the source of the lead, for whom the lead generation was made, and to whom the leads were ultimately transferred or sold.

4. Please produce screenshots of the user interface for any contact management system or software that contains data relating to Plaintiff or Plaintiff's Number, including but not limited to consent data and call data, populated with Plaintiff’s information. Include each tab (regardless of whether you use such and regardless of whether it is populated), and shots that show each drop-down box or other option.

5. Produce all documents relating to the use of, or your or Health Coverage One’s relation to, (580) 297-7424, including call and lead data, and any billing or service materials with the respective telephone carrier or service.

6. Produce all documents and communications (including emails) regarding your or Health Coverage One's relationship with MSB.

7. Produce all documents, including emails, instant messages, policy manuals and memoranda of any kind, that pertain to the TCPA.

8. Produce screenshots showing your or Health Coverage One's dialing system administrator user interface.

9. Please produce any keys, data dictionaries, or other explanatory materials as to any document data that includes information concerning telemarketing, lead generation, or indicia of consent (or lack of consent), as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter produced in this action.

10. Please produce all policy, practice, and procedure or other documents (e.g., emails) that pertain to the development or implementation of telemarketing or lead generation campaigns or strategies, including but not limited to the campaign or strategy under which Plaintiff was called.

11. Please produce all documents relating to efforts to comply with the TCPA, including associated policies, practices, or procedures, or investigations, audits or testing pertaining to TCPA compliance.

12. Please produce all deposition transcripts, declarations, interrogatory responses, and any other sworn or unsworn materials relating to the TCPA, including but not limited to from cases asserting claims based on alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii).

13. Please produce all contracts, agreements, manuals, training materials, and policy, practice, and procedure documents relating to the use and capacity of MSB or any other dialing

system or platform used to communicate by telephone with Plaintiff and any other person responsive to Interrogatory No. 1.

14. Produce all contracts or agreements with any third party involved with outbound telemarketing or lead generation calls, including but not limited to any third party involved with calling Plaintiff such as MSB.

15. Please produce all documents supporting, relating to or refuting any of your affirmative defenses in this action, including but not limited to "prior express consent."

16. Please produce all documents received from any third party in this action.

17. Please produce all non-privileged documents or data relied on in drafting or referred to in your Fed. R. Civ. P. 26 disclosures, responses to any discovery requests in this action, or which form the basis of or are referred to in any affidavit or declaration submitted in this case.

18. Please produce all communications and documents relating to complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation), concerning telemarketing or lead generation calls, and any associated investigation or action taken by you (or others on your behalf) with regard to such.

Dated: March 12, 2020 *_/s/ Alexander H. Burke_____*

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2020, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy of this filing is also being sent this day by electronic mail to Defendant Hussain at pnwoperations@gmail.com and via U.S. mail to 13975 NW 22nd Court, Pembroke Pines, Florida 33028.

*/s/ Alexander H. Burke*

**Exhibit A**

# INSTRUCTIONS AND DEFINITIONS

## Definitions

A. The term “document” includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to “you” or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its divisions, affiliates, subsidiaries, corporate parents, successors, predecessors, present or former partners, officers, directors, employees, agents, vendors, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

C. “Person” includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. “Identify” or “identification,” when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. “Identify” or “identification,” when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

F. “Communication” includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether

orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, implementing regulations 47 C.F.R. § 64.1200, and all FCC opinions and orders interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

DOCUMENT PRODUCTION PROTOCOL

The following document production protocol is proffered as a guide to simplify large document productions in complex litigation that is likely to result in hundreds to thousands of documents, particularly cases with a potentially significant volume of electronically stored information. It is highly recommended that parties confer in advance of any document production.

**Load File**:

1) **.DAT file:** Load file that contains information about each document. The .DAT file should include a header row for each field, including identifiers for the beginning and end of each document. If the production includes native files, the .DAT file should also include a field for the native file path within the folder structure. *See p.4 for recommended database and metadata fields.*
2) .**OPT file:** If the production is imaged an image load file that enables eDiscovery software to display the document images should be included.
3) **TEXT folder:** This folder should contain the OCR and/or extracted text .txt files for each of the documents produced.
4) **NATIVES folder:** This folder should contain any native files included in the production.
5) **IMAGES folder:** This folder should contain the imaged production.

**The production should be de-duplicated**:

- ESI vendors utilize technology that de-duplicates electronic documents based on their MD5 hash values.
- Our preference is that the minimum number of duplicates be produced and that de-duplication be conducted globally, across custodians. De-duplication across custodian means that exact duplicates of documents held by a particular custodian, as identified by MD5 hash value, but residing with another custodian will not be produced. The parties are permitted to de-duplicate identical emails using MD5 hash technology, across custodians and to reduce/suppress e-mail thread duplicates as well. In order for an email to be suppressed as a "thread duplicate," it must be wholly contained in the later, surviving email and have all of the same recipients and attachments.

**The production should be searchable**:

- Text should be extracted from any electronic documents that contain active, searchable content including, but not limited to email, spreadsheets, databases, web pages, presentations, delimited text files or any other electronic document created by word-processing, presentation, text-editing, database applications.
- Each hard copy (i.e. paper) document should be scanned and OCRd.
- Electronic documents such as .tiff images or .pdf files that contain text that cannot be extracted should be OCRd.

**The production should be Bates labeled:**

- All imaged documents should be stamped with a Bates label with a minimum six-digit numbering protocol. The number of digits in the label should consider the expected size of the production throughout litigation. A six-digit numbering protocol provides enough room for most cases. If an extraordinary amount of documents are expected to be produced, then additional digits should be considered at the start of litigation. Use underscores and hyphens instead of spaces in the Bates label. *Bates label example: DEF_000001*
- Documents designated as confidential pursuant to a protective order or stipulation should be clearly labeled as such to avoid inadvertent disclosure of confidential information.
- If documents are not being imaged and will be produced in native format only, each native file name should include a Bates number identification in lieu of a Bates label. Original file names and document metadata should be preserved and produced in the production load file.

**Databases and spreadsheets should be produced in native format**:

- Parties should confer prior to producing databases to reduce the burden on all parties. Databases may contain much irrelevant data and methods exist to control the output from databases. Conferring prior to production can reduce the amount of time and money spent to produce such data.
- All spreadsheets or databases created and maintained in Microsoft Excel or Microsoft Access should be produced in their native file formats (ie - .xls, .xlsx, .mdb, .csv).
- Any spreadsheets or databases created and maintained in any other format should be exported or converted to a Microsoft Excel, Microsoft Access format or a universal format such as a tab-delimited text file. Most proprietary database applications include exporting functions that provide these options.
- Native files should be named by their Bates number identification. Original file names and document metadata should be preserved and produced in the production load file.
- It is not necessary to convert spreadsheet and database files to .tiffs if they are produced in native format.
- Extracted text must be included in the load file for any documents produced in native format.
- The load file must link to the native files.

**Webpages**

- Parties should confer before producing webpages and files. While in most cases it is acceptable to print the content of web pages and extract the text for searchability, sometimes the user interface and design elements are relevant and the production format needs to be discussed. There are many ways to produce webpages: print, screenshot, active URLs that are password protected, active URLs that are not password protected, and more.

**<u>Audio, Video and Other File Formats</u>**

- Parties should confer prior to producing any audio and video files or any other file formats not specifically addressed above.

**Recommended metadata fields are:**

| FIELD NAME | DESCRIPTION |
|---|---|
| **BEGDOC** | The starting Bates number of the document |
| **ENDDOC** | The ending Bates number of the document |
| **BEGATTACH** | If the document is an attachment, this is the starting Bates number of the parent document (ie-the document it is attached to) |
| **ENDATTACH** | If the document is an attachment, this is the ending Bates number of the parent document |
| **TO** | **ESI ONLY -** The name of the recipient(s) |
| **FROM** | **ESI ONLY -** The name of the sender(s) |
| **CC** | **ESI ONLY -** The document is electronic mail or correspondence, the identity of the person or entity who received a copy |
| **BCC** | **ESI ONLY -** If the document is electronic mail or correspondence, the identity of the person or entity who received a blind copy |
| **SENT** | **ESI ONLY -** If the document is electronic mail or correspondence, the date the document was sent |
| **RECEIVED** | **ESI ONLY -** If the document is electronic mail or correspondence, the date the document was received |
| **SUBJECT** | **ESI ONLY -** The subject of the document, typically included with correspondence and memoranda |
| **FILENAME** | **ESI ONLY -** The original name of the native file |
| **EXTENSION** | **ESI ONLY -** The application extension of the native file, for example: .doc, .xls, .docx, .xlsx, .mdb, .txt |
| **CREATEDATE** | **ESI ONLY -** The date the document was created |
| **LASTMODIFIED** | **ESI ONLY -** The date the document was last modified |
| **PAGECOUNT** | **ESI ONLY -** The number of pages in the document |
| **CUSTODIAN** | The name of the custodian from whom the document was obtained |
| **MD5HASH** | **ESI ONLY -** The unique numerical identifier of the document |
| **NATIVEPATH** | **ESI ONLY –** The path within the load file structure to the native file, if a native file produced |
| **CONFIDENTIAL** | Whether or not the document is labeled designated as confidential pursuant to a protective order |