**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) | Case No. 1:19-cv-07739 |
| Plaintiff, | ) | |
| v. | ) | |
| SALMAN HUSSAIN and DOES 1-10, | ) | Hon Judge John J. Tharp, Jr.<br>Hon Mag. Judge Susan E. Cox |
| Defendant. | ) | |

**HUSSAIN'S ANSWERS AND OBJECTIONS TO**
**MARY BILEK'S FIRST SET OF INTERROGATORIES**

Defendant Salman Hussain ("Hussain") answers and objects to Plaintiff Mary Bilek's First Set of Interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33 and Docket Entry 10, and states:

## GENERAL OBJECTION APPLYING TO EVERY INTERROGATORY

Hussain objects to providing interrogatory answers as the representative of Health Coverage One because Health Coverage One is not a party to this lawsuit and is not subject to this Court's jurisdiction. The Federal Rules of Civil Procure permit a party to serve a request for production on *another party*. Fed. R. Civ. P. 33 (a)(1). However, a party cannot interrogatories on a *non-party* because there is no procedural mechanism to do so. Fed. R. Civ. P. 33 (generally) Thus, a litigant may only question a non-party through deposition after they are subpoenaed. Fed. R. Civ. P. 30 (a)(1). In this case, Bilek attempts to circumvent subpoena requirements and discovery rules by propounding interrogatories on non-party Health Coverage One through Hussain. This discovery practice is improper because Health Coverage One is not a party to this proceeding. Bilek's Class Action Complaint designates Hussain as the single named defendant and refers to Hussain throughout the document as "Defendant". Bilek selected the singular form of the noun, "Defendant", because the allegations only pertain to Hussain, as opposed to the plural form, "Defendants". *See, e.g.*, Complaint ¶ 10 (Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party."); Complaint ¶ 37 ("Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff."). And while the Complaint's case caption refers to ten unknown "John Does", Bilek does not identify these Does, does not claim Health Coverage One is a John Doe, and never served Health Coverage One as a John Doe. *See* Complaint (generally). Bilek's request for production is therefore a nullity, does not require Health Coverage One to

produce documents, and does not require Hussain to produce any documents on behalf of Health Coverage One.

## SPECIFIC ANSWERS AND OBJECTIONS

1. *Identify all telemarketing or lead generation calls (including call transfers) you or Health Coverage One made or caused to be made in relation to MSB Consultants, Inc. d/b/a ExclusiveLiveLeads.com (hereinafter, "MSB"), or using an artificial or prerecorded voice, since November 22, 2015. A response to this interrogatory should include all available information concerning such calls, including but not limited to called and calling numbers, caller ID, length, date/time, disposition, associated lead information, message played, persons who participated, the product being telemarketed and for whom, and to whom the call was transferred, if applicable.*

Answer: Objection this interrogatory exceeds the scope of discovery under Federal Rule of Civil Procedure 26, is overbroad, unduly burdensome, and not proportional. This Interrogatory seeks information relating to every telemarketing call or lead Hussain and Health Coverage One made in connection with MSB. However, Bilek's allegations demonstrate the call purportedly received from Hussain and/or Health Coverage One pertains to Blue Shield or health coverage plans. *See* Complaint ¶ 18. Therefore, Bilek is not entitled to documents and information regarding marketing campaigns unrelated to Blue Shield and health coverage plans because it is not the basis of her lawsuit.

Subject to the objections provided above, Hussain did not generate calls and did not cause MSB Consultants, Inc. d/b/a ExclusiveLiveLeads.com ("MSB") to make any calls using an artificial or prerecorded voice to Mary Bilek or any other person. Health Coverage One purchased sales leads from MSB, but never instructed MSB to make, never expressly or implicitly authorized MSB to make, never condoned, and never ratified any telemarketing calls to any person for any purpose using an auto-dialer and/or prerecorded voice messages.

Notwithstanding, Hussain produces nine export call reports identifying sales leads Health Coverage One received from MSB.

2. *Identify all leads that resulted from the calls responsive to Interrogatory No. 1, including not only the leads themselves, but for whom the lead generation was made, and to whom the leads were ultimately transferred or sold.*

Answer: Objection, Bilek's interrogatory exceeds the scope of discovery under Federal Rule of Civil Procedure 26 because Bilek seeks information relating to non-party persons and entities Hussain and Health Coverage One may have made leads on behalf of, transferred leads to, and sold leads to. This information is irrelevant and overbroad because it will not make any fact in dispute more or less likely to have occurred and will not lead to admissible evidence at trial. *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 814 (N.D. Ill. 2015) (Litigants "have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings."). Bilek alleges, "Defendant violated the TCPA by making non-emergency calls to the cell phones of Plaintiff and others using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent." Complaint ¶ 39; *see*

*also* Complaint ¶ 18. Bilek does not allege Hussain and Health Coverage One made automated calls or prerecorded voice calls on behalf of some other non-party. *See* Complaint (generally). To the contrary, Bilek alleges third parties made calls on behalf of Hussain and Health Coverage One. *See* Complaint ¶ 18 ("Hussain or someone on his behalf called Plaintiff's cellular telephone number from caller ID (580) 297-7424."). Therefore, information relating to non-parties Hussain and Health Coverage One may have generated leads on behalf of, transferred leads to, or sold leads to is irrelevant and overbroad.

Subject to the objection provided above, Hussain produces documents identifying sales leads received from MSB.

3. *If you or Health Coverage One contends "prior express written consent" existed for any call responsive to Interrogatory No. 1, identify the basis for that consent, supporting documents by Bates number, and all other data and testimony that supports or refutes such contention.*

Answer: Hussain objects to providing interrogatory answers as the representative of Health Coverage One because Health Coverage One is not a party to this lawsuit and is not subject to this Court's jurisdiction. The Federal Rules of Civil Procure permit a party to serve a request for production on <u>*another party*</u>. Fed. R. Civ. P. 33 (a)(1). However, a party cannot interrogatories on a <u>*non-party*</u> because there is no procedural mechanism to do so. Fed. R. Civ. P. 33 (generally) Thus, a litigant may only question a non-party through deposition after they are subpoenaed. Fed. R. Civ. P. 30 (a)(1). In this case, Bilek attempts to circumvent subpoena requirements and discovery rules by propounding interrogatories on non-party Health Coverage One through Hussain. This discovery practice is improper because Health Coverage One is not a party to this proceeding. Bilek's Class Action Complaint designates Hussain as the single named defendant and refers to Hussain throughout the document as "Defendant". Bilek selected the singular form of the noun, "Defendant", because the allegations only pertain to Hussain, as opposed to the plural form, "Defendants". *See, e.g.*, Complaint ¶ 10 (Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party."); Complaint ¶ 37 ("Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff."). And while the Complaint's case caption refers to ten unknown "John Does", Bilek does not identify these Does, does not claim Health Coverage One is a John Doe, and never served Health Coverage One as a John Doe. *See* Complaint (generally). Bilek's request for production is therefore a nullity, does not require Health Coverage One to produce documents, and does not require Hussain to produce any documents on behalf of Health Coverage One.

Subject to the objection above, Hussain has not responded to the complaint yet or asserted affirmative defenses yet because the parties are discussing the possibility of settlement. Therefore, Hussain does not presently assert the affirmative defense of prior express consent. However, Hussain reserves the right to assert the affirmative defense when he answers the Complaint and will supplement this interrogatory answer accordingly.


**MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246**

4. *Identify and describe any and all systems, databases, data, tables, fields, data points and codes that existed, were maintained, or are produced in this action that may contain information responsive to Interrogatory Nos. 1 and 2, consent/permission to call telephone numbers, and do-not-call requests.*

Answer: Objection this interrogatory exceeds the scope of discovery under Federal Rule of Civil Procedure 26, is overbroad, unduly burdensome, and not proportional to the extent Interrogatory 1 exceeds the scope of discovery. Interrogatory 1 seeks information relating to every telemarketing call or lead Hussain and Health Coverage One made in connection with MSB therefore Interrogatory 4 seeks the same information. However, Bilek's allegations demonstrate the call purportedly received from Hussain and/or Health Coverage One pertains to Blue Shield or health coverage plans. *See* Complaint ¶ 18. Therefore, Bilek is not entitled to documents and information regarding marketing campaigns unrelated to Blue Shield and health coverage plans because it is not the basis of her lawsuit.

Bilek also objects to this interrogatory because it exceeds the scope of discovery under Federal Rule of Civil Procedure 26. Bilek seeks information relating to non-party persons and entities Hussain and Health Coverage One may have made leads on behalf of, transferred leads to, and sold leads to in interrogatory 2. This information is irrelevant and overbroad because it will not make any fact in dispute more or less likely to have occurred and will not lead to admissible evidence at trial. *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 814 (N.D. Ill. 2015) (Litigants "have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings."). Bilek alleges, "Defendant violated the TCPA by making non-emergency calls to the cell phones of Plaintiff and others using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent." Complaint ¶ 39; *see also* Complaint ¶ 18. Bilek does not allege Hussain and Health Coverage One made automated calls or prerecorded voice calls on behalf of some other non-party. *See* Complaint (generally). To the contrary, Bilek alleges third parties made calls on behalf of Hussain and Health Coverage One. *See* Complaint ¶ 18 ("Hussain or someone on his behalf called Plaintiff's cellular telephone number from caller ID (580) 297-7424."). Therefore, information relating to non-parties Hussain and Health Coverage One may have generated leads on behalf of, transferred leads to, or sold leads to is irrelevant and overbroad.

Subject to the objections provided above, Health Coverage One uses a software program called ViciBox to intake sales leads from vendors like MSB. Hussain produces nine export call reports identifying sales leads Health Coverage One received from MSB.

5. *Identify all persons who were responsible for or assisted in determining what phone numbers or leads to call, using what dialing/phone system, or who set up the relationships with your or Health Coverage One's customers.*

Answer: Hussain objects to providing interrogatory answers as the representative of Health Coverage One because Health Coverage One is not a party to this lawsuit and is not subject to this Court's jurisdiction. The Federal Rules of Civil Procure permit a party to serve a request for production on <u>*another party*</u>. Fed. R. Civ. P. 33 (a)(1). However, a party cannot interrogatories on a <u>*non-party*</u> because there is no procedural mechanism to do so. Fed. R. Civ. P. 33 (generally)

Thus, a litigant may only question a non-party through deposition after they are subpoenaed. Fed. R. Civ. P. 30 (a)(1). In this case, Bilek attempts to circumvent subpoena requirements and discovery rules by propounding interrogatories on non-party Health Coverage One through Hussain. This discovery practice is improper because Health Coverage One is not a party to this proceeding. Bilek's Class Action Complaint designates Hussain as the single named defendant and refers to Hussain throughout the document as "Defendant". Bilek selected the singular form of the noun, "Defendant", because the allegations only pertain to Hussain, as opposed to the plural form, "Defendants". *See, e.g.*, Complaint ¶ 10 (Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party."); Complaint ¶ 37 ("Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff."). And while the Complaint's case caption refers to ten unknown "John Does", Bilek does not identify these Does, does not claim Health Coverage One is a John Doe, and never served Health Coverage One as a John Doe. *See* Complaint (generally). Bilek's request for production is therefore a nullity, does not require Health Coverage One to produce documents, and does not require Hussain to produce any documents on behalf of Health Coverage One.

Subject to the objection above, no person or entity assisted MSB in making phone calls, determining what phone numbers or leads to call, what dialing/phone system to use. MSB acted as an independent contractor during the parties' entire relationship. MSB acted on its own volition and Hussain and Health Coverage One did not control MSB's actions in any manner. Further, MSB acted without Hussain's or Health Coverage One's expressed or implied authority, apparent authority, or ratification. Therefore, Hussain and Health Coverage One did not provide, and MSB did not receive, any assistance, input, advise, guidance, or instruction regarding the determination of what phone numbers or leads to call, what dialing/phone system to use, or setting up relationships with Hussain's or Health Coverage One's customers. MSB made all decisions unliterally on its own behalf and made all phone calls without Hussain's or Health Coverage One's authority.

6. *Explain the ownership and business organizational structure of Health Coverage One, including identifying its true legal name and ownership, and all officers, owners, principals, managers and employees, including their respective positions and job duties.*

Answer: Health Coverage One is an unregistered DBA (doing business as) for SSS Total Funding Group, Inc. ("SSS Total Funding").

7. *Identify all policies, practices, and procedures that bear upon "prior express consent" to call cell phone numbers.*

Answer: Vendors including MSB are required to comply all laws and regulations including those relating to prior express consent, telemarketing, and the Telephone Consumer Protection Act. Health Coverage One also provides training to its employees regarding prior express consent, telemarketing, and the Telephone Consumer Protection Act.


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

8. *Identify all policies, practices, and procedures relating to, or which apply to, outbound telephone calls or the TCPA.*

Answer: Hussain, SSS Total Funding, and Health Coverage One do not and cannot make outbound calls because their software program, ViciBox, is not configured to make outbound calls. ViciBox can only receive inbound calls. Hussain, SSS Total Funding, and Health Coverage One do not own other software capable of making outbound calls.

9. *Identify all complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation), concerning outbound telephone communications, and identify any investigation or action taken by you (or others on your behalf) with regard to such complaints.*

Answer: None known except for this lawsuit.

10. *Explain the factual basis behind each of your affirmative defenses, including citation to specific documents or testimony and case/law that support or refute such.*

Answer: Hussain has not responded to the complaint yet or asserted affirmative defenses yet because the parties are discussing the possibility of settlement. Therefore, Hussain does not presently assert the affirmative defense of prior express consent. However, Hussain reserves the right to assert the affirmative defense when he answers the Complaint and will supplement this interrogatory answer accordingly.

11. *With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.*

Answer: Hussain has not retained an expert in this case yet. However, Hussain reserves the right to retain one or more experts and will supplement this interrogatory answer accordingly.

# VERIFICATION

STATE OF FLORIDA )
)SS:
COUNTY OF BROWARD )

By: ______________________

BEFORE ME, Salman Hussain appeared who is personally known to me or produced a valid drivers' license as identification, and who states that the foregoing answers to these Interrogatories are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED this 25 day of August, 2020.

______________________
Notary Public State of Florida

Notary Public State of Florida
Michael Torres
My Commission HH 026563
Expires 08/02/2024

Michael Torres
(Print Name of Notary Public)

026563
Commission Number

My Commission Expires:



MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via email to all counsel of record at the email addresses enumerated on the Service List below on August 25, 2020.

Respectfully submitted,

**Mavrick Law Firm**
*Attorneys for Defendant*
*Salman Hussain*
1620 West Oakland Park Boulevard
Suite 300
Fort Lauderdale, Florida 33311
Telephone: (954) 564-2246
Peter T. Mavrick, Esq.
E-mail: peter@mavricklaw.com

BY: */s/ Peter T. Mavrick*
Peter T. Mavrick
Florida Bar No.: 0083739

**SERVICE LIST**

Alexander H. Burke, Esq.
*counsel for Mark Bilek*
155 N. Michigan Ave.,
Suite 9020
Chicago, IL 60601
aburke@burkelawllc.com
dmarovitch@burkelawllc.com