**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SALMAN HUSSAIN and DOES 1-10,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:19-cv-07739<br><br><br><br><br><br><br>Hon Judge John J. Tharp, Jr.<br>Hon Mag. Judge Susan E. Cox |

**HUSSAIN'S RESPONSES AND OBJECTIONS TO**
**MARY BILEK'S FIRST REQUEST FOR PRODUCTION**

Defendant Salman Hussain ("Hussain") responds to Plaintiff Mary Bilek's ("Bilek") First Request for Production pursuant to Federal Rules of Civil Procedure 26 and 34 and Docket Entry 24, and states:

**GENERAL OBJECTION APPLYING TO EVERY REQUEST FOR PRODUCTION**

Hussain objects to providing documents and discovery responses as the representative of Health Coverage One because Health Coverage One is not a party to this lawsuit and is not subject to this Court's jurisdiction. The Federal Rules of Civil Procure permit a party to serve a request for production on *another party*. Fed. R. Civ. P. 34 (a). However, a party cannot serve a request for production on a *non-party* because a non-party must be served with a subpoena that commands the non-party to produce documents and subjects the non-party to the court's jurisdiction. Fed. R. Civ. P. 34 (c) ("As provided in Rue 45, a nonparty may be compelled to documents…."); *see also* Fed. R. Civ. P. 45 (a)(1)(D) (relating to subpoenaing documents from non-parties). In this case, Bilek attempts to circumvent subpoena requirements and discovery rules by serving a request for production on non-party Health Coverage One through Hussain. This discovery practice is improper because Health Coverage One is not a party to this proceeding. Bilek's Class Action Complaint designates Hussain as the single named defendant and refers to Hussain throughout the document as "Defendant". Bilek selected the singular form of the noun, "Defendant", because the allegations only pertain to Hussain, as opposed to the plural form, "Defendants". *See, e.g.*, Complaint ¶ 10 (Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party."); Complaint ¶ 37 ("Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff."). And while the Complaint's case caption refers to ten unknown "John Does", Bilek does not identify these Does, does not claim Health Coverage One is a John Doe, and never served Health Coverage One as a John Doe. *See* Complaint (generally). Bilek's request

for production is therefore a nullity, does not require Health Coverage One to produce documents, and does not require Hussain to produce any documents on behalf of Health Coverage One.

**SPECIFIC RESPONSES AND OBJECTIONS**

1. *Please produce all documents, records, data, recordings and other materials relating to Plaintiff or Plaintiff's Number which are indexed, filed, or retrievable under them or any associated number, symbol, designation or code (such as an account number or Social Security number).*

Response: Objection, Hussain cannot respond to this request for production because he does not know Bilek's telephone phone number and other unique identifying information such as a birthday and social security number. Therefore, Hussain cannot conduct a full records search and determine whether he possesses documents relating to Bilek.

Notwithstanding, Hussain conducted a records search based on the information presently available to him and did not locate any documents relating to Bilek.

2. *Please produce all call detail information and associated data concerning Plaintiff and the persons and calls responsive to Interrogatory No. 1, including but not limited to the telephone number called, the communications system used, in what mode or capacity the call was made (e.g., manual, predictive, preview, etc.), the caller ID used, the call date, time, length, and disposition/result, the account number or other associated identifier(s), identifying name, address, and other information for the person called (and, if different, the person intended to be called), and data relating to consent or lack of consent to call, including any do-not-call request information.*

Response: Hussain and Health Coverage One object to this request for production because Interrogatory 1 (which Request for Production 2 relies) exceeds the scope of discovery under Federal Rule of Civil Procedure 26, is overbroad, unduly burdensome, and not proportional. Interrogatory 1 seeks information relating to every telemarketing call or lead Hussain and Health Coverage One made in connection with MSB. However, Bilek's allegations demonstrate the call purportedly received from Hussain and/or Health Coverage One pertains to Blue Shield or health coverage plans. *See* Complaint ¶ 18. Therefore, Bilek is not entitled to documents and information regarding marketing campaigns unrelated to Blue Shield and health coverage plans because it is not the basis of her lawsuit.

Subject to the objections provided above, Hussain did not generate calls and did not cause MSB Consultants, Inc. d/b/a ExclusiveLiveLeads.com ("MSB") to make any calls using an artificial or prerecorded voice to Mary Bilek or any other person. Health Coverage One purchased sales leads from MSB, but never instructed MSB to make, never expressly or implicitly authorized MSB to make, never condoned, and never ratified any telemarketing calls to any person for any purpose using an auto-dialer and/or prerecorded voice messages.

Notwithstanding, Hussain produces documents identifying all sales leads Health Coverage One received from MSB.

3. *Please produce all data and documents regarding the leads responsive to Interrogatory No. 2, including but not limited to the leads themselves, compensation and transaction records, and documents regarding the source of the lead, for whom the lead generation was made, and to whom the leads were ultimately transferred or sold*.

Response: Objection, Bilek's request for production exceeds the scope of discovery under Federal Rule of Civil Procedure 26 because Bilek seeks documents and information relating to non-party persons and entities Hussain and Health Coverage One may have made leads on behalf of, transferred leads to, and sold leads to. *See* Interrogatory 2 ("Identify all leads that resulted from the calls responsive to Interrogatory No. 1, including… for whom the lead generation was made, and to whom the leads were ultimately transferred or sold."). These documents and information are irrelevant and overbroad because they will not make any fact in dispute more or less likely to have occurred and will not lead to admissible evidence at trial. *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 814 (N.D. Ill. 2015) (Litigants "have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings."). Bilek alleges, "Defendant violated the TCPA by making non-emergency calls to the cell phones of Plaintiff and others using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent." Complaint ¶ 39; *see also* Complaint ¶ 18. Bilek does not allege Hussain and Health Coverage One made automated calls or prerecorded voice calls on behalf of some other non-party. *See* Complaint (generally). To the contrary, Bilek alleges third parties made calls on behalf of Hussain and Health Coverage One. *See* Complaint ¶ 18 ("Hussain or someone on his behalf called Plaintiff's cellular telephone number from caller ID (580) 297-7424."). Therefore, documents and information relating to non-parties Hussain and Health Coverage One may have generated leads on behalf of, transferred leads to, or sold leads to are irrelevant and overbroad.

Subject to the objection provided above, Hussain produces documents identifying all sales leads received from MSB.

4. *Please produce screenshots of the user interface for any contact management system or software that contains data relating to Plaintiff or , including but not limited to consent data and call data, populated with Plaintiff's information. Include each tab (regardless of whether you use such and regardless of whether it is populated), and shots that show each drop-down box or other option.*

Response: None.

5. *Produce all documents relating to the use of, or your or Health Coverage One's relation to, (580) 297-7424, including call and lead data, and any billing or service materials with the respective telephone carrier or service*.

Response: None.


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

6. *Produce all documents and communications (including emails) regarding your or Health Coverage One's relationship with MSB.*

Response: Hussain objects to providing documents and discovery responses as the representative of Health Coverage One because Health Coverage One is not a party to this lawsuit and is not subject to this Court's jurisdiction. The Federal Rules of Civil Procure permit a party to serve a request for production on <u>another party</u>. Fed. R. Civ. P. 34 (a). However, a party cannot serve a request for production on a <u>non-party</u> because a non-party must be served with a subpoena that commands the non-party to produce documents and subjects the non-party to the court's jurisdiction. Fed. R. Civ. P. 34 (c) ("As provided in Rue 45, a nonparty may be compelled to documents…."); *see also* Fed. R. Civ. P. 45 (a)(1)(D) (relating to subpoenaing documents from non-parties). In this case, Bilek attempts to circumvent subpoena requirements and discovery rules by serving a request for production on non-party Health Coverage One through Hussain. This discovery practice is improper because Health Coverage One is not a party to this proceeding. Bilek's Class Action Complaint designates Hussain as the single named defendant and refers to Hussain throughout the document as "Defendant". Bilek selected the singular form of the noun, "Defendant", because the allegations only pertain to Hussain, as opposed to the plural form, "Defendants". *See, e.g.*, Complaint ¶ 10 (Defendant caused autodialed and prerecorded-voice calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party."); Complaint ¶ 37 ("Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff."). And while the Complaint's case caption refers to ten unknown "John Does", Bilek does not identify these Does, does not claim Health Coverage One is a John Doe, and never served Health Coverage One as a John Doe. *See* Complaint (generally). Bilek's request for production is therefore a nullity, does not require Health Coverage One to produce documents, and does not require Hussain to produce any documents on behalf of Health Coverage One.

Subject to the objection above, Hussain produces documents.

7. *Produce all documents, including emails, instant messages, policy manuals and memoranda of any kind, that pertain to the TCPA.*

Response: None.

8. *Produce screenshots showing your or Health Coverage One's dialing system administrator user interface.*

Response: None.

9. *Please produce any keys, data dictionaries, or other explanatory materials as to any document data that includes information concerning telemarketing, lead generation, or indicia of consent (or lack of consent), as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter produced in this action.*

Response: None.

10. *Please produce all policy, practice, and procedure or other documents (e.g., emails) that pertain to the development or implementation of telemarketing or lead generation campaigns or strategies, including but not limited to the campaign or strategy under which Plaintiff was called.*

Response: None.

11. *Please produce all documents relating to efforts to comply with the TCPA, including associated policies, practices, or procedures, or investigations, audits or testing pertaining to TCPA compliance.*

Response: None.

12. *Please produce all deposition transcripts, declarations, interrogatory responses, and any other sworn or unsworn materials relating to the TCPA, including but not limited to from cases asserting claims based on alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii).*

Response: None.

13. *Please produce all contracts, agreements, manuals, training materials, and policy, practice, and procedure documents relating to the use and capacity of MSB or any other dialing system or platform used to communicate by telephone with Plaintiff and any other person responsive to Interrogatory No. 1.*

Response: Objection, this request for production is vague, ambiguous, and confusing. Hussain and Health Coverage One do not understand what documents Bilek seeks when she asks for documents "relating to the use and capacity of MSB or any other dialing system or platform used to communicate by telephone with Plaintiff and any other person responsive to Interrogatory No. 1." The request contains serval subparts, appears to seek information requested in other requests for production, and relates to an interrogatory.

Hussain and Health Coverage One also object to this request for production because Interrogatory 1 (which Request for Production 13 relies) exceeds the scope of discovery under Federal Rule of Civil Procedure 26, is overbroad, unduly burdensome, and not proportional. Interrogatory 1 seeks information relating to every telemarketing call or lead Hussain and Health Coverage One made in connection with MSB. However, Bilek's allegations demonstrate the call she purportedly received from Hussain and Health Coverage One pertains to Blue Shield or health coverage plans. *See* Complaint ¶ 18. Therefore, Bilek is not entitled to documents and information regarding marketing campaigns unrelated to Blue Shield and health coverage plans because it is not the basis of her lawsuit.

Hussain and Health Coverage One further object because Interrogatory 1 exceeds the temporal scope of discovery under Federal Rule of Civil Procedure 26. Bilek seeks documents and information relating to calls made "since November 22, 2015". *See* Interrogatory 1. Such documents and information are not relevant because Bilek alleges she was called on March 1,

2019, three and a half years after the November 22, 2015 date provided in Interrogatory 1. No allegation in the complaint demonstrates Hussain's or Health Coverage One's purported calling campaigned relating to Blue Shield spanned from November 22, 2015 through March 1, 2019. Therefore, this request for production exceeds the temporal scope permitted by discovery and will require Hussain and Health Coverage One to needlessly search more than three years of records and produce irrelevant documents.

Hussain and Health Coverage One additionally object to this request for production because they do not know Bilek's telephone phone number or other identifying information that would enable them to respond to this request for production. Therefore, Hussain cannot fully search his full records and determine whether he possesses documents relating to Bilek.

14. *Produce all contracts or agreements with any third party involved with outbound telemarketing or lead generation calls, including but not limited to any third party involved with calling Plaintiff such as MSB.*

Response: Objection, Bilek's request for production exceeds the scope of discovery under Federal Rule of Civil Procedure 26 because Bilek seeks documents and information unrelated to the claims asserted in her complaint. Bilek alleges Health Coverage One entered a Broadcaster Service Agreement with MSB for the provision of mass telephone dialing services. Complaint ¶ 17. Bilek then claims through insinuation that MSB called Bilek on behalf of Hussain and Health Coverage One in violation of the TCPA. *See* Complaint ¶¶ 18-21. However, Bilek seeks documents and information relating to every vendor providing outbound telemarketing services and lead generation calls to Hussain and Health Coverage One regardless of whether these vendors relate to MSB or the alleged call to Bilek. This vendor information will not will not make any fact in dispute in this lawsuit more or less likely to have occurred and will not lead to admissible evidence at trial because it does not bear on whether Bilek was called, whether Hussain made the call, whether Health Coverage One made the call, or whether MSB made the call on behalf of Hussain or Health Coverage One. *Uppal*, 124 F. Supp. 3d at 814 (Litigants "have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings."). Therefore, documents and information relating to every Hussain and Health Coverage One used in the past are irrelevant and overbroad.

Hussain and Health Coverage One further object because the request is unduly burdensome and not proportional to the claims in this case. Bilek asks Hussain and Health Coverage One to produce every agreement they have with every outbound telemarketer and lead generator since January 1, 2015. However, Hussain and/or Health Coverage One sign hundreds of these contracts every year with hundreds of vendors. Responding to this request for production would therefore require Hussain and Health Coverage One to cull through almost five years of records and produce hundreds of contract documents that have no relation to MSB or the call made to Bilek. Health Coverage One is a small enterprise and cannot devote the manpower to such an endeavor while still operating the business. This is especially the case when such efforts will not lead to the admissible evidence at trial.

Subject to the objections provided above, Hussain produces the contract with MSB.

15. *Please produce all documents supporting, relating to or refuting any of your affirmative defenses in this action, including but not limited to "prior express consent."*

Response: Hussain has not responded to the complaint yet or asserted affirmative defenses yet because the parties are discussing the possibility of settlement. Therefore, Hussain does not presently assert the affirmative defense of prior express consent. However, Hussain reserves the right to assert the affirmative defense when he answers the Complaint and will supplement this interrogatory answer accordingly.

16. *Please produce all documents received from any third party in this action*.

Response: Hussain and Health Coverage One object to this request for production in an abundance of caution because they do not know what third parties in this action Bilek refers to. Therefore, this request for production is vague and ambiguous because third parties are not parties to a lawsuit unless they are impled. No party was impled in this suit, thus, Hussain and Health Coverage One do not know the identities of the third parties Bilek refers.

Subject to the objection above, Hussain does not know of any third-party document he possesses.

17. *Please produce all non-privileged documents or data relied on in drafting or referred to in your Fed. R. Civ. P. 26 disclosures, responses to any discovery requests in this action, or which form the basis of or are referred to in any affidavit or declaration submitted in this case.*

Response: The parties did not exchange Rule 26 disclosures yet because they are discussing settlement.

18. *Please produce all communications and documents relating to complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation), concerning telemarketing or lead generation calls, and any associated investigation or action taken by you (or others on your behalf) with regard to such*.

Response: None.


**MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via email to all counsel of record at the email addresses enumerated on the Service List below on August 25, 2020.

Respectfully submitted,

**Mavrick Law Firm**
*Attorneys for Defendant*
*Salman Hussain*
1620 West Oakland Park Boulevard
Suite 300
Fort Lauderdale, Florida 33311
Telephone: (954) 564-2246
Peter T. Mavrick, Esq.
E-mail: peter@mavricklaw.com

BY: */s/ Peter T. Mavrick*
Peter T. Mavrick
Florida Bar No.: 0083739

**SERVICE LIST**

Alexander H. Burke, Esq.
*counsel for Mark Bilek*
155 N. Michigan Ave.,
Suite 9020
Chicago, IL 60601
aburke@burkelawllc.com
dmarovitch@burkelawllc.com