**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) | Case No. 1:19-cv-07739 |
| Plaintiff, | ) | |
| v. | ) | |
| SALMAN HUSSAIN and USHEALTH ADVISORS, LLC AND DOES 1-10 | ) | Hon Judge John J. Tharp, Jr.<br>Hon Mag. Judge Susan E. Cox |
| Defendants. | ) | |

**SALMAN HUSSAIN'S RESPONSE IN OPPOSITION**
**TO MARY BILEK'S MOTION TO COMPEL DISCOVERY**

Defendant Salman Hussain ("Hussain") responds and opposes Mary Bilek's ("Bilek") motion to compel [D.E. 40] and states:

**A. Hussain's personal independent legal significance is separate and distinct from SSS Total Funding, Inc. and Health Coverage One.**

Hussain's legal independent significance is important in this case because Bilek is attempting to use Hussain as a conduit to sue several entities including Health Coverage One and SSS Total Funding Inc and obtain documents and information controlled by these entities. Bilek cannot do this. Health Coverage One is a fictitious name operated by SSS Total Funding, Inc.'s ("SSS Total Funding") and SSS Total Funding's corporate existence is separate and distinct from Hussain. While Hussain has a minority interest in SSS Total Funding, he does not control all aspects of company. These are not facts Husain necessarily has the burden of demonstrating to the trier of fact because Bilek has the burden of demonstrating Hussain is liable for the calls. Bilek does not satisfy her burden simply by attaching a contract between SSS Total Funding and MSB to the complaint bearing Hussain's signature and alleging Hussain entered the contract personally.

**B. Business lead data (Interrogatory 2 and Request for Production 3) was produced.**

> **Interrogatory No. 2.** Identify all leads that resulted from the calls responsive to Interrogatory No. 1 [i.e., seeking identification of the calls to the class], including not only the leads themselves, but for whom the lead generation was made, and to whom the leads were ultimately transferred or sold.

> **Request for Production No. 3.** Please produce all data and documents regarding the leads responsive to Interrogatory No. 2, including but not limited to the leads themselves, compensation and transaction records, and documents regarding the source of the lead, for whom the lead generation was made, and to whom the leads were ultimately transferred or sold.

Hussain produced all records within his control concerning leads derived from MSB. Hussain objected to providing additional documents and information relating to sales generated from that lead information because it is not relevant to the case. The TCPA prohibits calls made to a cell phone using an automated dialer or pre-recorded message regardless of whether a sale is made. Therefore, information concerning the disposition of any alleged calls, including information about products and services called is irrelevant to this lawsuit because it does not demonstrate whether Hussain called Bilek or the class members and does not demonstrate whether Hussain used an auto-dialer or prerecorded message. Hussain should not be required to provide this information simply because Bilek included ten unknown Doe Defendants in her lawsuit because it epitomizes a fishing expedition and requires Hussain to guess at the information requested given the broad nature of the alleged class in this case. It also sets a dangerous precedent by allowing Plaintiffs to name unknown doe defendants in this lawsuit then obtain cart blanche discovery under a guise of trying to determine the identifies of these Doe defendants.

In addition, now that Bilek amended her complaint to add USHealth as a known Doe defendant and uses this amendment to argue the discovery requests will help her determine whether USHealth ratified some conduct, Hussain further objects on grounds of proportionality. Hussain is an individual lacking the resources otherwise available to a large company such as

employees and money. Hussain should not be expected to personally review the records of a non-party company (SSS Total Funding) to determine whether it conducted business with USHealth simply because Husain is a minority shareholder in SSS Total Funding. This undertaking would take Hussain many weeks if he singularly devoted all attention to this project, thus prohibiting him from working and attending to personal matters. As such, this request is not proportional.

### C. Consent call discovery and affirmative defense discovery.

> **Interrogatory No. 3.** If you or Health Coverage One contends "prior express written consent" existed for any call responsive to Interrogatory No. 1 [i.e., seeking the identity of the calls to the class], identify the basis for that consent, supporting documents by Bates number, and all other data and testimony that supports or refutes such contention.
>
> **Request for Production No. 15.** Please produce all documents supporting, relating to or refuting any of your affirmative defenses in this action, including but not limited to "prior express consent."

Hussain objected to providing documents information relating to his affirmative defenses, including the affirmative defense of consent, because he did not know his defenses at the time his discovery responses were required. Hussain moved to dismiss Bilek's Complaint because she failed to state a cause of action. Hussain did not know how Bilek would amend her Complaint thereafter, and as a result, Hussain could not formulate a defense, know which affirmative defense he would raise, what facts were relevant to those affirmative defenses, and what documents substantiated those affirmative defenses. Bilek amended her Complaint <u>*after*</u> Hussain responded to her discovery and Hussain is preparing to assert his answer and affirmative defenses shortly. Hussain will then know what information is relevant and which documents substantiate those defenses and can provide that information under his obligation to update discovery responses.

### D. Hussain provided all information or stands on his objections regarding discovery concerning policies, practices, procedures, and lead generation materials.

> **Interrogatory No. 5.** Identify all persons who were responsible for or assisted in determining what phone numbers or leads to call, using what


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

> dialing/phone system, or who set up the relationships with your or Health Coverage One's customers.
>
> **Interrogatory No. 6.** Explain the ownership and business organizational structure of Health Coverage One, including identifying its true legal name and ownership, and all officers, owners, principals, managers and employees, including their respective positions and job duties.
>
> **Request for Production No. 6.** Produce all documents and communications (including emails) regarding your or Health Coverage One's relationship with MSB.
>
> **Request for Production No. 10.** Please produce all policy, practice, and procedure or other documents (e.g., emails) that pertain to the development or implementation of telemarketing or lead generation campaigns or strategies, including but not limited to the campaign or strategy under which Plaintiff was called.
>
> **Request for Production No. 13.** Please produce all contracts, agreements, manuals, training materials, and policy, practice, and procedure documents relating to the use and capacity of MSB or any other dialing system or platform used to communicate by telephone with Plaintiff and any other person responsive to Interrogatory No. 1 [i.e., seeking identification of the calls to the class].

Hussain fully answered interrogatory 5 and 6 and requests for production 6 and 10.

Hussain stated in response to interrogatory 5 that:

> no person or entity assisted MSB in making phone calls, determining what phone numbers or leads to call, what dialing/phone system to use. MSB acted an independent contractor during the parties' entire relationship. MSB acted on its own volition and Hussain and Health Coverage One did not control MSB's action in any manner. Further, MSB acted without Hussain's or Health Coverage One's expressed or implied authority, apparent authority, or ratification. Therefore, Hussain and Health Coverage One did not provide, and MSB did not receive, any assistance, input, advise, guidance, or instruction regarding the determination of what phone numbers or leads to call, what dialing/phone system to use, or setting up relationships with Hussain's or Health Coverage One's customers. MSB made all decisions unliterally on its own behalf and made all phone calls without authority.

Hussain does not have additional information on this matter and defers to MSB because MSB was the only entity responsible for determining the phone numbers and leads called and selecting the dialing/phone system used (assuming a dialing/phone system was used). Hussain also does not


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

have additional information on this matter because he does not have customers and neither does Health Coverage One.

Hussain answered interrogatory 6 by stating that:

> Health Coverage One is an unregistered DBA (doing business as) for SSS Total Funding Group, Inc.

Health Coverage One does not have officers, owners, principles, managers, or employees because it is a fictitious company for SSS Total Funding. Therefore, the answer is complete.

Hussain fully answered request for production 6 by providing documents within his control such as call logs. Hussain does not control communications between himself or Health Coverage One on the one hand and MSB on the other hand because a relationship between the parties does not exist. SSS Total Funding purchased lawful sales leads from MSB, therefore the relationship is between SSS Total Funding and MSB.

Hussain stated he does not control documents responsive to request for production 10 and stands on the response because he does not control documents responsive to the request. Bilek requested policies, practices, procedures or other documents (e.g., emails) concerning the development or implementation of telemarketing or lead generation campaigns under which Bilek was called. Bilek contends Hussain must control documents because (1) a contract between MSB and Husain exists and (2) Hussain must have communications with an insurer on whose behalf Hussain sold insurance. Both assertions are incorrect. The contract is not a policy, practice, procedure or email relating to the development of lead generation. SSS Total Funding contracted with MSB for the purchase of lawful leads and Hussain signed the contract on behalf of SSS Total Funding. Therefore, Hussain cannot provide the documents requested because he never developed or implemented telemarketing strategies and never developed or implemented calling campaigns. MSB performed these tasks (if at all). Similarly, Hussain does not have communications with

insurers offering insurance products for sale because Hussain does not have customers; SSS Total Funding has the customers.

Hussain stands on his vague and ambiguous objection to request for production 13 because he does not know what "contracts, agreements, manuals, training materials, and policy, practice, and procedure documents relating to the use and capacity of MSB" means. Bilek does not sufficiently explain the meaning or intention of here request in her Motion to Compel, therefore, Hussain still does not understand what documents Bilek seeks. Hussain will amend his response to request for production 13 to assert he does not control policies, practices, and procedure documents relating to the use and capacity of other dialing systems or platforms used to communicate by telephone with Plaintiff and any other person responsive to Interrogatory No. 1 because he never called Bilek of other class members.

**E. Hussain should produce materials relating to Plaintiff.**

> **Request for Production No. 1.** Please produce all documents, records, data, recordings and other materials relating to Plaintiff or [Plaintiff's cell phone number], or which are indexed, filed, or retrievable under them or any associated number, symbol, designation or code (such as an account number or Social Security Number).

Hussain could not respond this request because he did not have Bilek's phone number. The parties conferred on the issue and Bilek indicated she would provide the phone number. However, the phone number was not provided until she answered Hussain's interrogatories in October 19, 2020. Hussain has since reviewed his records and determined he does not control documents indicating any call to Bilek. Hussain can amend his response accordingly.

F. **Materials received from third parties**.

> **Interrogatory No. 4.** Identify and describe any and all systems, databases, data, tables, fields, data points and codes that existed, were maintained, or are produced in this action that may contain information responsive to


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

> Interrogatory Nos. 1 and 2 [seeking identification of the leads/calls at issue], consent/permission to call telephone numbers, and do-not-call requests.
>
> **Request for Production No. 16.** Please produce all documents received from any third party in this action.
>
> **Request for Production No. 17.** Please produce all non-privileged documents or data relied on in drafting or referred to in your Fed. R. Civ. P. 26 disclosures, responses to any discovery requests in this action, or which form the basis of or are referred to in any affidavit or declaration submitted in this case.

Bilek argues Hussain should be compelled to provide a better answer interrogatory 4 because "only Hussain knows how his applicable data and business records are stored and organized – not to mention what it means." However, this statement is incorrect. Hussain did not manage the data, maintain the data, or create the interfaces or programming used to generate the data. Therefore, Husain does not know about the data fields in the documents produced to Bilek and cannot explain these documents to Bilek.

Hussain's objected to providing information about third parties on whose behalf calls were made because this information is irrelevant to the proceeding. Bilek claims this objection is baseless because "Hussain doesn't deny that he made calls for someone else, and he doesn't state whether the calls were made for Blue Cross or another entity like USHealth, using the reference to commonly-known Blue Cross as a pretext to gain consumer interest with the intent of switching insurers late in the calls." However, Husain never had the opportunity to make these assertions because he responded to the discovery before his answer was due. The fact is, Hussain denies making calls on behalf of someone else because he never made any calls. Thus, Hussain denies making calls for Blue Cross and USHealth.

Bilek never alleged Hussain called persons on behalf of some third party in her Complaint. Hussain moved to dismiss on this basis (and others) and Bilek apparently agreed her complaint was deficient because she voluntarily amended to add allegations about this matter. Hussain

responded to the request for production before the complaint was amended, and at that time, the request sought information outside the scope of discovery.

Bilek cannot argue her inclusion of ten Jon Doe defendants permits here seek extensive irrelevant discovery because it required Hussain to guess the identifies of these Jon Does. If Bilek does not know who she is suing, how can Hussain be expected to know this information?

Hussain stands on his objection to providing documents received from "third parties in this action" because, by definition, third parties are not part of this action. And assuming Bilek meant to seek documents from non-parties relating to the lawsuit such as MSB, Hussain still stands on his response because he does not possess such documents outside of the documents Bilek produced to Hussain in this case. If Hussain acquires documents from non-parties relating to the lawsuit such as MSB he will produce them.

Hussain stands on his response to request for production 17 because he cannot produce documents when he does not know what they are. The parties did not exchange Rule 26 disclosures because Bilek obtained an order from the Court granting her the ability to take such discovery without participating in the regular procedural formalities. Bilek cannot complain about Hussain's inability to determine what document will be used to create his Rule 26 disclosures when the parties have not exchanged the information.

WHEREFORE, Defendant Salman Hussain respectfully requests that the Court deny Bilek's motion to compel.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via email through the court's CM/ECF electronic filing system to all counsel of record at the email addresses enumerated on the Service List below on November 10, 2020.

Respectfully submitted,

**Mavrick Law Firm**
*Attorneys for Defendant*
*Salman Hussain*
1620 West Oakland Park Boulevard
Suite 300
Fort Lauderdale, Florida 33311
Telephone: (954) 564-2246
Peter T. Mavrick, Esq.
E-mail: peter@mavricklaw.com
Jacob M. Resnick, Esq.
E-mail: jacob@mavricklaw.com

BY: /s/ *Jacob M. Resnick*
Peter T. Mavrick (*pro hac vice*)
Florida Bar No.: 0083739
Jacob M. Resnick (*pro hac vice)*
Florida Bar No.: 0085314

**SERVICE LIST**

Alexander H. Burke, Esq.
155 N. Michigan Ave.,
Suite 9020
Chicago, IL 60601
aburke@burkelawllc.com
dmarovitch@burkelawllc.com
*counsel for Mark Bilek*