**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SALMAN HUSSAIN, USHEALTH ADVISORS, LLC, and DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 19 cv 7739<br><br>Judge John J. Tharp<br>Magistrate Judge Susan E. Cox |

**ORDER**

Plaintiff's Motion to Compel [40] is granted in part and denied in part as discussed herein. Defendant must provide the amended discovery responses as ordered here on or before December 14, 2020. The parties are ordered to file a joint status report on December 18, 2020 updating the Court on the status of fact discovery, proposing a fact discovery deadline, and informing the Court whether the parties would like to schedule a settlement conference at that time.

## I. Background

This case seeks damages for an alleged unsolicited telemarketing system that violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant Salman Hussain is a principal of Health Coverage One, which is an unregistered company that is the operating name of SSS Total Funding Group, Inc. Health Coverage One hired a third-party dialer company called MSB Consultants, Inc. ("MSB") allegedly to make prerecorded robocalls for insurance products. Plaintiff contends that Defendant's responses to her discovery requests were deficient and brought the instant motion to compel.

## II. Interrogatory 2 and RFP 3

The motion is granted as to Interrogatory 2 and Request for Production ("RFP") 3. These

discovery requests seek information regarding the leads resulting from the calls at issue in the case, including the leads themselves, for whom the lead was made, and to whom the leads were transferred. Defendant claims he has produced the leads, but objects to the other information as irrelevant or disproportionate the needs of the case. The Court rejects those arguments and overrules Defendant's objections. The information sought is within the broad scope of discovery under Federal Rule of Civil Procedure 26. Plaintiff correctly points out that the discovery will aid her in attempting to determine the identity of the Doe Defendants. Despite Defendant's arguments to the contrary, there is nothing inappropriate about using discovery to identify Doe Defendants. Moreover, this discovery is relevant to determining Defendant's personal liability by revealing whether he retained any money based on the leads in question. The Court likewise rejects Defendant's proportionality argument, which appears to be based on the idea that Defendant would have to review the documents to determine which leads were transferred to his co-defendant USHealth Advisors, LLC. However, nothing in the discovery requests requires such fine parsing of the relevant materials; quite the contrary, Plaintiff is seeking an appropriately broad range of information to help her piece together the picture of how and where these leads were distributed beyond USHealth Advisors, LLC. Therefore, Plaintiff's motion is granted as to these discovery requests.

**III. Interrogatory 3**

Plaintiff's motion is granted as to Interrogatory 3, which seeks information regarding recipients' consent to the calls in question. Defendant has previously asserted that he need not provide such information because he has not yet answered the operative complaint and is unsure whether he will raise consent as a defense. In his brief in opposition, Defendant states he "is preparing to assert his answer and affirmative defenses shortly" and "will then know what

information is relevant and which documents substantiate those defenses and can provide that information under his obligation to update discovery responses." [Dkt. 44 at 3.] There does not appear to be any disagreement about whether a response to Interrogatory 3 would contain relevant information if Defendant raises a defense based on consent; the question is whether Defendant will raise such a defense. As such, the Court orders that upon answering the complaint, Defendant must either provide information responsive to Interrogatory 3 or verify that he is waiving a consent defense, thereby making discovery about consent irrelevant as this Defendant.

## IV. Interrogatory 5-6 and RFP 6, 10, and 13

The Court grants Plaintiff's Motion as to Interrogatory 6, denies it with prejudice pursuant to Interrogatory 5, and denies it without prejudice as to Requests for Production 6, 10, and 13.

Interrogatory 5 requests that Defendant identify all persons who helped determine what numbers to call, what dialing system to use, or "set up the relationships with your or Health Coverage One's customers." [Dkt. 40 at 5.] Having reviewed Defendant's response, it appears that he responded to the interrogatory to the best of his ability with the information he currently has, claiming that MSB was solely responsible for making the decisions on the issues relevant to this interrogatory. The Court has no reason to doubt the veracity of this response, and finds that it is an adequate answer. The motion is denied as to this issue.

Interrogatory 6 asks Defendant to "[e]xplain the organizational structure of Health Coverage One, including its true legal name and ownership, and all officers, owners, principals, managers and employees, including their respective positions and job duties." [Dkt. 40 at 7.] In response, Defendant only explained that Health Coverage One is an unregistered d/b/a (doing business as) for SSS Total Funding Group, Inc. [Dkt. 44 at 5.] That is the entirety of the response. It does not include any of the additional information Plaintiff sought or any of the organizational

structure. The fact that the interrogatory specifically asked for the "true legal name" of the company implies that Plaintiff understood that Health Coverage One was a d/b/a and wanted to know more about the corporate structure of the relevant corporation. Defendant has failed to provide that information; as will be discussed more below, that information is crucial to understanding the scope of Defendant's discovery responsibilities, and highly relevant to this case. As such, the motion is granted as to Interrogatory 6.

Broadly speaking, RFP 6, 10, and 13 relate to the policies, practices, and procedures of Health Care One and its relationship to MSB vis-à-vis the telemarketing campaign and strategies. Defendant has objected to these requests, arguing that SSS Total Funding Group possesses the relevant documents and that he does not have control over them. The problem for the Court is that it has no way to assess the accuracy of that contention and Plaintiff has not provided sufficient information to show that it is false, because Defendant has not adequately responded to Interrogatory 6. As such, the Court denies the motion as to RFP 6, 10, and 13 without prejudice. If Defendant's response to Interrogatory 6 indicates that he does, in fact, have control over the relevant documents, Plaintiff may re-file the motion as to these discovery requests. Defendant is advised that this Court typically takes an expansive view of "control" for purposes of Federal Rule of Civil Procedure 34(a)(1) and should consider this Court prior rulings on the issue before standing on an objection that he lacks control over documents. *See Boyd v. D'Orazio*, 2015 WL 5321262, at *4-5 (N.D. Ill Sept. 11, 2015) (issue of control turns on the legal right to obtain documents in question).

**V. RFP 1**

The motion is denied without prejudice as to RFP 1 for the same reason as above. RFP 1 seeks documents relating to Plaintiff. Defendant claims he has determined he does not control any

documents relevant to RFP 1. The Court cannot determine whether Plaintiff's claim is true on the papers in front of it. As such, the motion is denied without prejudice with leave to re-file if, after an adequate response to Interrogatory 6, Plaintiff needs to compel production pursuant to RFP 1.

## VI. Interrogatory 4 and RFP 16-17

Plaintiff's motion is denied as to Interrogatory 4 and RFP 16, and granted as to RFP 17. Interrogatory 4 demands that Defendant explain the data provided in response to Interrogatory 1 and 2. However, Defendant states he does not have the requisite knowledge to explain the data contained in those responses. Plaintiff argues that Defendant could ask someone who does have that knowledge (his brother or employee or vendor) and then relay their responses to Plaintiff (*i.e.*, Defendant has control over that information). As a general matter, there is no indication Defendant actually has control over any individual who can provide that information beyond Plaintiff's assumptions in her reply brief. Moreover, Plaintiff's proposal strikes the Court as an extremely inefficient way to conduct discovery. If Plaintiff seeks a better understanding on the answers provided beyond Plaintiff's knowledge, there will be opportunities to question the people with actual knowledge at a later date through additional interrogatories or depositions. The Court will not order Defendant to provide that information.

The motion is also denied as to RFP 16, which requests "all documents received from any third party in this action." That request is overly broad and the Court denies the motion as to RFP 16.

RFP 17 asks for all documents or data relied on or referred to in Defendant's Rule 26 disclosures and responses to discovery, or which form the basis of any affidavit or declaration in this case. Defendant objects to the motion on the basis that Rule 26 disclosures have not yet been exchanged. However, RFP plainly seeks additional relevant information related to other materials

in this case. Defendant must produce those materials, and the motion is granted as to RFP 17.

Entered: 11/20/2020

U.S. Magistrate Judge, Susan E. Cox