**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BILEK, individually and on behalf of others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 19-cv-7739 |
| v. | ) | Hon. Judge John J. Harp<br>Hob. Magistrate Judge Susan E. Cox |
| SALMAN HUSSAIN; USHEALTH ADVISORS, LLC; and DOES 1-10, | ) | |
| Defendants. | ) | |

**DEFENDANT SALMAN HUSSAIN'S MOTION TO DISMISS SECTION 227(b)(1)(A)(iii) CLAIMS IN THE FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CERTAIN ALLEGATIONS**

Defendant Salman Hussain ("Hussain") moves to dismiss all claims within the First Amended Class Action Complaint [DE 38] (the "Amended Complaint") regarding Section 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and moves to strike certain allegations in the Amended Complaint containing impermissible legal authorities under Federal Rule of Civil Procedure 12(f), and in support thereof, states:

## A. Introduction

Proposed class representative Mary Bilek ("Bilek") sued Hussain, USHealth Advisors, LLC, and ten other unknown doe defendants for alleged violations of the Telephone Consumer Protection Act ("TCPA") and related state law claims. Bilek alleges Hussain violated Section 227(b)(1)(A)(iii) of the TCPA, by placing non-emergency calls to her mobile phone and the mobile phones of all other alleged class members using an autodialer and prerecorded messages. Amended Complaint ¶ 74. These alleged calls were placed sometime between July 31, 2018 and November

21, 2019. *See, e.g.,* Amended Complaint ¶¶ 25 ("For example, on March 1, 2019, Plaintiff received a call at her cellular telephone number . . . ."); 30 ("Plaintiff received other calls from or on behalf of Defendants, too, including but not limited to on February 25, 2019"); 62 ("Upon information and belief, there were more than 1,000 non-customers whose residential cell phone number Defendants or a third-party on their behalf called at least twice for telemarketing purposes without permission using a prerecorded-voice message in 2019."). However, the alleged telephone calls are not actionable under the Supreme Court's July 6, 2020 decision of *Barr v. American Association of Political Consultants, Inc.* because Section 227(b)(1)(A)(iii) was declared unconstitutional. The Supreme Court determined Section 227(b)(1)(A)(iii) contained an unconstitutional content-based restriction obstructing free speech and severed the repugnant provision from the TCPA. The severance cured Section 227(b)(1)(A)(iii)'s unconstitutional flaw but nevertheless prohibits claims arising before July 6, 2020 because judicial severance does not apply retroactively. Therefore, dismissal is required because this Court does not have subject matter jurisdiction to adjudicate the Section 227(b)(1)(A)(iii) claims and Bilek and the alleged class members do not have standing to assert Section 227(b)(1)(A)(iii) claims. *See Marbury v. Madison,* 5 U.S. 137, 138 (1803) ("An act of law repugnant to the constitution cannot become a law.").

**B. <u>Relevant background facts and pleading allegations</u>**

Bilek and the alleged class members brought suit under the Court's federal question jurisdiction and seek remedies for Hussain alleged violation of Section 227(b)(1)(A)(iii) of the TCPA. Amended Complaint ¶¶ 70, 76-77. Bilek alleged Hussain entered a Broadcaster Service Agreement (the "Agreement") with MSB Consultants, Inc. ("MSB") for the provision of mass


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

telephone dialing services. Amended Complaint ¶ 19. Hussain allegedly provided MSB with phone numbers and calling instructions and MSB allegedly called those numbers using an autodialer and prerecorded messages on behalf of Hussain. Amended Complaint ¶¶ 20-22. Call recipients that pressed "1" were allegedly transferred to Husain who then attempted to sell insurance products offered by Co-Defendant United Health, LLC Amended Complaint ¶¶ 20-21.

MSB and Hussain allegedly called Bilek's mobile phone and the mobile phones of the other purported class members. Amended Complaint ¶¶ 70-76. Bilek alleged Hussain and MSB called her mobile telephone at least twice using an autodialer and prerecorded messages. Amended Complaint ¶¶ 24, 72. Bilek allegedly received the first call on March 1, 2019, which pertained to Blue Cross Blue Shield insurance. Amended Complaint ¶ 25. Bilek allegedly received a second call on February 25, 2019, but the subject matter of that call is presently unknown. Amended Complaint ¶ 30.

Bilek uses the allegations described above to form the basis of her class claims. Amended Complaint ¶ 72. Bilek alleges "all persons in the United States whose *cellular* telephone number Defendants or some party on their behalf called using an artificial or prerecorded voice or the same or similar dialing system used to call [Bilek]" are members of the class (the "Alleged Robocall Class Members"). Amended Complaint ¶ 61. Bilek estimates the calls to all Alleged Robocall Class Members total approximately 16,825,249. Amended Complaint ¶ 33. Bilek claims all 16,825,249 calls violated Section 227(b)(1)(A)(iii) of the TCPA and demands damages on behalf of herself and all Alleged Robocall Class Members. However, as argued more fully below, the Court does not have jurisdiction over Bilek's claims or the claims of the Alleged Robocall Class

Members and Bilek and the Alleged Robocall Class Members do not have standing to bring their claims.

**C. The United States Supreme Court determined that Section 227(b)(1)(A)(iii) of the TCPA was unconstitutional from November 2, 2015 through July 5, 2020**

Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful to place telephone calls to a mobile phone using an artificial/prerecorded voice or an automatic telephone dialing system under ("robocalls"). 47 U.S.C. § 227(b)(1)(A)(iii). However, Congress amended this section on November 2, 2015 to exclude robocalls calls made to collect government-backed debt obligations. *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (2010) ("It shall be unlawful for any person… to make any call using any automatic telephone dialing system or an artificial or prerecord voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.") *with* 47 U.S.C. § 227(b)(1)(A)(iii) (2015) ("It shall be unlawful for any person… to make any call using any automatic telephone dialing system or an artificial or prerecord voice... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, *unless such call is made solely to collect a debt owed to or guaranteed by the United States*.") (emphasis supplied). American Association of Political Consultants, Inc. challenged the constitutionality of government debt collection exclusion contained within Section 227(b)(1)(A)(iii) because it impermissibly preferred government speech over other political speech. *Barr v Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2345 (2020) ("*AAPC*").

The United States Supreme Court granted *certiorari* in *AAPC* to determine whether the government debt collection exception to the TCPA violated the First Amendment to the United

States Constitution and whether any such violation made the entire TCPA statutory scheme unconstitutional. *AAPC*, 140 S. Ct. at 2346, 2348. The Supreme Court determined the TCPA's automated-call ban was an unconstitutional content-based restriction abridging the freedom of speech when combined with the government debt exception by applying the strict scrutiny test on July 6, 2020. *AAPC*, 140 S. Ct. at 2344 (The exception "impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment."); *Id*. at 2346 ("The initial First Amendment question is whether the robocall restriction, with the government-debt exception, is content-based. The answer is yes."). Therefore, the Supreme Court severed the repugnant government debt collection provision from Section 227(b)(1)(A)(iii) rending the statute enforceable again. *Id*. at 2352-2354 (determining in a plurality that severance of the government debt collection exception was required to redress the unconstitutionality of the TCPA). The Supreme Court did not however consider whether Section 227(b)(1)(A)(iii) was enforceable pre-severance and did not consider the impact of severance on pending TCPA cases like this one. *See AAPC*, 140 S. Ct. 2335 (generally).

**D. The Court is prohibited from hearing Bilek's TCPA Section 227(b)(1)(A)(iii) claim because it lacks subject matter jurisdiction.**

Subject matter jurisdiction is a threshold issue to all claims because the lack of jurisdiction forbids judicial action. *Neely v. United States*, 14 CV 8328, 2015 WL 753343, at *1 (N.D. Ill. Feb. 17, 2015) ("Subject matter jurisdiction is a threshold question, the first question in every case, because without jurisdiction the court cannot proceed at all."). A court must dismiss claims when subject-matter jurisdiction does not exist because the court has no adjudicative powers. *See State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."). Claims predicated on unconstitutional statutes prevent the court from acquiring subject-matter jurisdiction because courts cannot enforce unlawful laws. *Ex parte Siebold*, 100 U.S. 371, 377 (1880) ("If the laws are unconstitutional and void, the Circuit Court acquired no jurisdiction over the causes."); *Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) ("When a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful."); *United States v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("Once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)."). Therefore, a plaintiff must prove the existence of subject matter jurisdiction by pleading the requisite facts in her complaint and subsequently presenting evidence if necessary. *See Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987) ("Because the filing requirements at issue in this case are jurisdictional, it is the plaintiff's burden to establish that they have been met."); *Western Transp. Co. v. Couzens Warehouse & Distributors,* 695 F.2d 1033, 1038 (7th Cir. 1982) ("When the party moving for dismissal under Rule 12(b)(1) challenges the factual basis for jurisdiction, the nonmoving party (i.e., the plaintiff) must submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction."); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 386 (1987) ("The presence or absence of federal-question jurisdiction… is governed by the "well-pleaded complaint rule," under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint.").

**E. Bilek's and the Alleged Robocall Class Members' claims arising under Section 227(b)(1)(A)(iii) of the TCPA (Count I) must be dismissed because they failed to satisfy their burden of alleging facts demonstrating the Court possesses subject matter jurisdiction over the claims.**

Bilek and the Alleged Robocall Class Members cannot assert claims against Hussain under Section 227(b)(1)(A)(iii) of the TCPA because the law was unconstitutional at the time Hussain made the alleged robocalls giving rise to this lawsuit. Bilek claims Hussain contracted with MSB in 2018 for the provision of mass-dialing services. Bilek also alleges that these dialing services resulted in approximately 16,825,249 robocalls to Bilek and the Alleged Robocall Class Members between the summer of 2018 through November 22, 2019, when Bilek commenced this litigation. Amended Complaint ¶¶ 19, 33, 25, 30. However, all calls to any mobile phone during this period cannot violate the TCPA because the statute was unconstitutional at the time the robocalls were allegedly made. *See AAPC*, 140 S. Ct. at 2347, 2348, 2353-54; *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 759-60 (1995) ("A court does not—in the nature of things it *can* not [*sic*]—give a 'remedy' for an unconstitutional statute, since an unconstitutional statute is not in itself a cognizable 'wrong.'") (emphasis in original and citing *Marbury*, 5 U.S. at 178). Therefore, the Court must ignore Section 227(b)(1)(A)(iii) and all robocalls made between November 22, 2019 and July 5, 2020. *Reynoldsville Casket Co.,* 514 U.S. at 760 (1995) (Scalia, J., concurring) ("What a court does with regard to an unconstitutional law is simply to *ignore* it. It decides the case '*disregarding the [unconstitutional] law*' because a law repugnant to the Constitution is void, and is as no law.") (internal citations omitted); *see also Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2 (1972) (finding courts "must consider the facial constitutionality of the ordinance in effect" at the time the defendant engaged in the speech.).

The Amended Complaint contains no allegations demonstrating any robocall was made before the unconstitutional government debt collection exception was added to Section 227(b)(1)(A)(iii) and contains no allegation demonstrating any robocall was made after the severance occurred on July 6, 2020. Therefore, Bilek (and the Alleged Robocall Class Members) failed to satisfy their pleading burden of alleging facts demonstrating this Court has subject matter jurisdiction over the claims. *See Landeros-Cisneros v. Reno*, 43 F. Supp. 2d 949, 950 (N.D. Ill. 1999) (dismissing the case because the plaintiff failed to satisfy his burden of demonstrating the existence of subject matter jurisdiction). Count 1 must be dismissed as a result. *See Ex parte Siebold*, 100 U.S. at 377.

*Creasy v. Charter Communs., Inc.*, 2020 WL 5761117 (E.D. La. Sept. 28, 2020), and *Lindenbaum v. Realgy*, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020), are the only two cases to decide whether the unconstitutionality of Section 227(b)(1)(A)(iii) requires dismissal for lack of subject matter jurisdiction. Both cases confirm dismissal is necessary because the unconstitutional nature of Section 227(b)(1)(A)(iii) divests this Court of subject matter jurisdiction. The plaintiff in *Creasy* brought a putative class action claim under Section 227(b)(1)(A)(iii) because the defendant made at least 130 robocalls between November 2, 2015 and July 6, 2020. *Creasy*, 2020 WL 5761117 at *2. The *Creasy* court dismissed these claims for lack of subject matter jurisdiction because the unconstitutional nature of Section 227(b)(1)(A)(iii) during the relevant period deprived the court of jurisdiction. *Id*. at *4 ("The Court indeed lacks subject matter jurisdiction over each of the supposed § 227(b)(1)(A)(iii) violations the plaintiffs allege to have occurred before the Supreme Court restored the constitutional muster of § 227(b)(1)(A)(iii) by severing the government-debt exception in AAPC."); Specifically, the *Creasy* court found the "unconstitutional

*amended* version of § 227(b)(1)(A)(iii) . . . deprives the Court of subject matter jurisdiction." *Id.* at *6. *Creasy* reasoned that, "the *entirety* of the pre-severance version of § 227(b)(1)(A)(iii) *is* void because it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in AAPC." *Id.* at *5.

In *Lindenbaum*, the court similarly dismissed the plaintiff's Section 227(b)(1)(A)(iii) claims for lack of subject matter jurisdiction because Section 227(b)(1)(A)(iii) was unconstitutional at the time the robocalls were made. The court found that Congress's decision to exclude government debt collection from the TCPA transformed an otherwise constitutional statute into an unconstitutional statute that could not be enforced. *Lindenbaum*, 2020 WL 6361915, at *7 ("Insertion of the government-debt exception transformed [the TCPA's] valid time-place-manner restriction into an unconstitutional content-based restriction." Therefore, the *Lindenbaum* defendants were subject to an unconstitutional content-based restriction at the time they robocalled, which prevented the court from acquiring subject matter jurisdiction. *Id*. ("At the time defendants engaged in the speech at issue, defendant was subject to an unconstitutional content-based restriction."); *Id*. ("Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."). The plaintiff's TCPA claims were dismissed accordingly because the court could not ignore the unconstitutional nature of Section 227(b)(1)(A)(iii). *Id*. ("The Court cannot wave a magic wand and make that constitutional violation disappear.").

The *AAPC* decision applies to Hussain even though he was not participating in debt collection activities because Section 227(b)(1)(A)(iii)'s prohibition against all robocalls was inextricably intertwined with Section 227(b)(1)(A)(iii)'s unconstitutional government debt

collection provision. The *AAPC* court determined that Section 227(b)(1)(A)(iii) was unconstitutional due to a content-based restriction, i.e., that the government regulated speech in a manner that preferred its own debt collection activities over other speech activities. *See* AAPC, 140 S. Ct. at 2346 ("A law is content-based if 'a regulation of speech 'on its face' draws distinctions based on the message a speaker conveys.'… That description applies to a law that 'singles out specific subject matter for differential treatment.'"). To do so, the court compared the content neutral portion of Section 227(b)(1)(A)(iii) prohibiting all robocalls with the preference for government debt collection. *Id*. ("A robocall that says, 'Please pay your government debt' is legal. A robocall that says, 'Please donate to our political campaign' is illegal. That is about as content-based as it gets."). The two portions of the statutes were therefore inextricably intertwined because an analysis regarding the constitutional nature of the statute required a comparison of the content-neutral portion with the content-based restriction. *Creasy*, 2020 WL 5761117, at *5 ("The exception and the rule are in fact inextricably intertwined for the purposes of any reasonable analysis. . . . A restriction cannot possibly be content-based if it does not treat different categories of content differently; an exception cannot be unconstitutionally discriminatory without reference to the broader rule in which it appears."). As a result, the entirety of Section 227(b)(1)(A)(iii) was unconstitutional at the time Hussain allegedly called Bilek and the Alleged Robocall Class Members, thereby precluding any liability.

Severance of the government debt collection provision from the remainder of Section 227(b)(1)(A)(iii) cannot apply retroactively to create liability for placing robocalls between November 2, 2015 and July 5, 2020 because the Supreme Court's decision to sever the content-based restriction was not a remedy, and, thus, only applied prospectively. Bilek will likely argue

that this Court has subject matter jurisdiction because the Supreme Court's decision to sever the content-based restriction in *AAPC* applied retroactively. But this not true. Bilek will likely rely on *Harper v. Virginia Dep't of Taxation* to support her argument. In *Harper*, the court determined that application of a new rule concerning a federal law "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97 (1993). However, *Harper* is not applicable to this case or the severance in *AAPC* because the *Harper* ruling was based on a remedy for past conduct and not a forward-looking act of severance (like in *AAPC*). *See Arthrex, Inc. v. Smith & Nephew, Inc.*, 953 F.3d 760, 766 (Fed. Cir. 2020) (noting that *Harper* "address[es] retroactive application of remedies, not the forward-looking curative act of severance.") (concurring). Therefore, Bilek's likely argument for retroactive application of severance fails because the *Harper* ruling does not apply when a court severs an unconstitutional provision of a statute. *Id.* ("In permitting a defendant to seek resentencing post-severance, the Supreme Court made clear that judicial severance of a statute is necessarily a prospective act."); *see also Lindenbaum*, 2020 WL 6361915, at *3 ("The Court agrees with defendant that severance of the government-debt exception applies only ***prospectively***.") (emphasis supplied); *Creasy,* 2020 WL 5761117, at *6 ("Any added likelihood that defendants may evade liability for robocalls that Congress would have preferred to ban from 2015 to 2020 is the unfortunate price of the Court's enforcement of a constitutionally dictated result. It is for the elected branches, and not this Court, to determine whether that price is unduly high."); *Grayned*, 408 U.S. at n.2 (considering the facial constitutionality of the statute in effect when the speech was undertaken, not the statute as amended); *Seila Law, LLC v. Consumer Financial Protection Bureau*,

140 S. Ct. 2183, 2208-09 (2020) (recognizing that unconstitutional laws are unenforceable during the time they are unconstitutional, even if they are later cured prospectively through severance); *Montgomery*, 136 S. Ct. at 724 ("There is no grandfather clause that permits States to enforce punishments the Constitution forbids. To conclude otherwise would undercut the Constitution's substantive guarantees.").

The *AAPC* footnote 12 also provides no support for Bilek's likely argument that severance applies retroactively. Footnote 12 provides:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate. [citation omitted]. On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction.

*AAPC*, 2020 WL 3633780, at *13 (emphasis added). However, the footnote is obiter dicta written by a plurality of justices, which possessed little persuasive effect. *Creasy*, 2020 WL 5761117, at *2 (concluding footnote 12 is dicta with no precedential force); *Lindenbaum*, 2020 WL 6361915, at *5 (concurring with Creasy that footnote 12 is dicta). The footnote does not change the *AAPC*'s majority holding that Section 227(b)(1)(A)(iii) was unconstitutional pre-severance. In addition, the only way to interpret the last sentence of footnote 12 negating "liability of parties who made robocalls covered by the robocall restriction" is to find that it only relates to past judgments as opposed to ongoing litigation. Three reasons support this conclusion. First, the conclusion harmonizes footnote 12 with prior Supreme Court precedent recognizing "the application of a change in the law that takes place while a case is on direct review… and its effect on a final

judgment under collateral attack." *See Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 710-711 (1974). Second, the conclusion harmonizes the last sentence of footnote 12 with the preceding sentences absolving government debt collectors of liability during the period Section 227(b)(1)(A)(iii) was unconstitutional. It is illogical to allow the unconstitutional provision to remain thereby protecting government debt collectors, while retroactively severing it for another set of individuals. Such a ruling leads to an absurd result because the content-based restriction on free speech will remain in perpetuity through a remedy. This cannot be the court's intended result. Third, the conclusion the conclusion harmonize the last sentence of footnote 12 with another recent Supreme Court decision of *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020) authored by the same plurality of Justices. In *Seila Law LLC*, the court recognized the long-standing principle that unconstitutional laws are unenforceable during the time they are unconstitutional, even if later cured prospectively through severance. *Id.* at 2183, 2208-09.

### F. Bilek and the alleged class members failed to satisfy their burden of alleging standing to sue under Section 227(b)(1)(A)(iii) of the TCPA because there is no legally protectable interest and no potential for redress.

Bilek and the Alleged Robocall Class Members lack standing to assert claims under Section 227(b)(1)(A)(iii) of the TCPA because there is no case or controversy. *See Berger v. NCAA*, 843 F.3d 285, 289 (7th Cir. 2016) (dismissing the plaintiff's claims for lack of standing). Article III of the United States Constitution limits federal judicial power to "cases" or "controversies." U.S. Const. Art. III, § 2. A case or controversy arises when a party has a personal stake in the outcome of the litigation. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the

court's remedial powers on his behalf.”). This is called standing. The plaintiff bears the burden of alleging standing by asserting facts demonstrating an injury in fact and an ability to redress the injury through a favorable judgment. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (“The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the[ ] elements” of standing.). Therefore, a plaintiff must allege facts demonstrating a concrete and particularized harm, an actual or imminent harm, a causal connection between the injury and the conduct complained of, and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (providing the elements of standing).

Bilek and the Alleged Robocall Class Members failed to allege standing because they do not have an injury in fact that is redressable by a final judgment of this Court. Bilek’s and the Alleged Robocall Class Members’ claims are based on an unconstitutional provision within the TCPA. *See supra* pp. 6-11. Bilek and the alleged class members cannot establish an injury in fact because it is impossible to violate an unconstitutional statute. *Reynoldsville Casket Co.*, 514 U.S. at 759-60; *Grayned*, 408 U.S. at 107; *Ex parte Siebold*, 100 U.S. at 377; *Montgomery*, 136 S. Ct. at 724; *see also Spokeo, Inc.*, 136 S. Ct. at 1548 (2016) (“The injury-in-fact requirement requires a plaintiff to show that he or she suffered ‘an invasion of a legally protected interest’ that is ‘concrete and particularized.’”); *United States v. All Funds on Deposit with R.J. O’Brien & Assocs.*, 783 F.3d 607, 617 (7th Cir. 2015) (“Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury.”).


MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246

For these same reasons, Bilek and the Alleged Robocall Class Members cannot establish that a final judgment entered in their favor will redress any alleged wrong perpetrated by Hussain. *Franklin v. DePaul Univ.*, 2017 U.S. Dist. LEXIS 118552, at *3-4 (N.D. Ill. July 28, 2017) ("Personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). Therefore, dismissal is warranted because Bilek and the Alleged Robocall Class Members cannot allege any set of facts conferring standing upon them. *SEC v. Med. Comm. for Human Rights,* 404 U.S. 403, 407 (1972) ("It is well settled that federal courts may act only in the context of a justiciable case or controversy.") (internal quotation omitted).

**G. The Court must strike paragraphs 3, 4, 5, 6, 59, 71, 79, 88, 96, 97, and 98 of the Amended Complaint because they contain improper legal conclusions and impermissible citations to legal authorities.**

Bilek's allegations should be stricken because they are legal conclusions which cannot be answered. A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court may strike all or part of a pleading containing "redundant, immaterial, impertinent, or scandalous matter" that prejudices the responding party by creating confusion. Fed. R. Civ. P. 12(f); *Capitol Indemnity Corp. v. Tranel Developments Inc.,* 144 F.R.D. 346, 347 (N.D. Ill. 1992) ("Pleadings will not be stricken unless the moving party is prejudiced.").

Allegations 3, 4, 5, 6, 59, 71, 79, 88, 96, 97, and 98 of the Amended Complaint should be stricken because they are immaterial legal conclusions that create confusion. Bilek asserts these allegations as her legal interpretation of the TCPA without alleging facts demonstrating the relevance. For example, paragraph 6 contains a string of legal authorities representing

Bilek's legal conclusions regarding vicariously liability in the context of TCPA claims. None of these allegations are short and plain statements demonstrating Bilek is entitled to relief. Therefore, allegations 3, 4, 5, 6, 59, 71, 79, 88, 96, 97, and 98 are immaterial, impertinent, and unnecessary to allege a cause of action under the TCPA and should be stricken accordingly. *See Frydman v. Portfolio Recovery Assocs.*, LLC, No. 11-cv-524, 2011 WL 2560221, at *24 (N.D. Ill. June 28, 2011) ("Because paragraphs 20 and 33 of plaintiffs' complaint also contain legal conclusions and relate to the legal elements of an FDCPA claim, they will be stricken in their entirety"); *see also Adkins v. Apple, Inc.*, 147 F. Supp. 3d 913, 923 (N.D. Cal. 2014) (striking nine paragraphs of legal argument as an improper pleading); *Black v. Unumprovident Corp.*, 245 F. Supp. 2d 194, 197 (D. Me. 2003) (striking legal arguments under Rule 12(f) as inappropriate in a complaint); *Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D. Pa. 1993) (striking legal arguments in support of claims as violating Rule 8's short and plain statement requirement).

**H. Conclusion**

Hussain respectfully requests that the Court dismiss Bilek's and the Alleged Robocall Class Members' Section 227(b)(1)(A)(iii) claims because the statute was unconstitutional at the time all alleged robocalls were made. This Court cannot therefore exercise subject matter jurisdiction over Bilek's and the Alleged Robocall Class Section 227(b)(1)(A)(iii) claims, and Bilek and the Alleged Robocall Class Members cannot have standing to assert claims brought under Section 227(b)(1)(A)(iii). Hussain also respectfully requests that the Court strike allegations 3, 4, 5, 6, 59, 71, 79, 88, 96, 97, and 98 of the Amended Complaint as improper legal conclusions.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via email through the Court's CM/ECF electronic filing system to all counsel of record at the email addresses enumerated on the Service List below on November 30, 2020.

Respectfully submitted,

**MAVRICK LAW FIRM**
*Counsel for Defendant Salman Hussain*
1620 West Oakland Park Boulevard
Suite 300
Fort Lauderdale, Florida 33311
Telephone: (954) 564-2246
Peter T. Mavrick, Esq.
E-mail: peter@mavricklaw.com
Jacob M. Resnick, Esq.
E-mail: jacob@mavricklaw.com

By: */s/ Jacob M. Resnick*
Peter T. Mavrick (*pro hac vice*)
Florida Bar No. 0083739
Jacob M. Resnick (*pro hac vice)*
Florida Bar No. 0085314

**SERVICE LIST**

**Burke Law Offices, LLC**
Alexander H. Burke, Esq.
Daniel Marovitch, Esq.
155 N. Michigan Ave.,
Suite 9020
Chicago, IL 60601
aburke@burkelawllc.com
dmarovitch@burkelawllc.com
*Counsel for Plaintiff Mary Bilek*

**Waveland Law Group LLC**
John N. Walker, Esq.
10 South Riverside Plaza
Suite 1925
Chicago, IL 60606
John_n_walker@wavelandlaw.com
*Counsel for Salmen Hussain*

**Greenspoon Marder LLP**
Roy Taub
Gregg Strock
200 E. Broward Blvd.
Suite 1800
Fort Lauderdale, FL 33301
Roy.taub@gmlaw.com
Gregg.strock@gmlaw.com
*Counsel for USHealth Advisors, LLC*

**Forde & O'Meara LLP**
Brian P. O'Meara
111 West Washington Street
Suite 1100
Chicago IL 60602
bomeara@fordellp.com
clerk@fordellp.com
kbrubaker@fordellp.com
*Counsel for USHealth Advisors, LLC*